208 So.2d 481 (1968)
William E. McINNIS and Joann B. McInnis, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Appellee.
No. 968.
District Court of Appeal of Florida. Fourth District.
February 7, 1968.
Rehearing Denied April 17, 1968.
James R. McAtee, of Hahn, Reeves & Shimek, Pensacola, for appellants.
James Driscoll and T.G. LaGrone, of Driscoll, Baugh & LaGrone, Orlando, for appellee.
WALDEN, Chief Judge.
William and Joann McInnis, defendants, appeal from a final judgment on the pleadings which held for plaintiff State Farm Mutual Automobile Insurance Company and dismissed defendants' counterclaim.
Defendants were involved in a vehicular collision with a truck owned by American Steel Fence Company and driven by Eddie James Pooler. They filed suit against both.
Pooler was not insured. American Steel Fence Company's insurer, Shelby Mutual Insurance Company, asserted no coverage because of non-consented-to use of the vehicle by Pooler. Nevertheless, Shelby Mutual, though still denying coverage, settled with defendants for $5,750.00. The suit was dismissed as to American Steel Fence Company on February 4, 1964.
The action remained against Pooler. On December 17, 1965, after the settlement had been reached with Shelby Mutual, defendants docketed their cause against Pooler and, on the same day, demanded consent from plaintiff to sue Pooler.
Plaintiff filed a complaint for a declaratory judgment contending that settlement with Shelby Mutual without plaintiff's consent *482 violated an exclusion clause in the uninsured motorist coverage. This clause provided:
"This endorsement does not apply:
(a) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor;" (Emphasis added.)
Defendants counterclaimed seeking damages under the uninsured motorist provision of their policy.
The trial judge granted plaintiff a judgment on the pleadings based on his finding that "the accident described in said pleadings did not involve an uninsured motor vehicle or uninsured motorist * * *."
We affirm. There are two possibilities presented. If the release, settlement and dismissal by defendants with Shelby Mutual settled as a matter of law that this was not an uninsured motor vehicle case, then the trial court was correct in its assessment and correct in granting plaintiff a judgment on the pleadings.
However, even if the settlement did not establish coverage, and we tend to feel it alone could not as a matter of law do so, the judgment on the pleadings was nonetheless correct. Assuming that an uninsured motor vehicle or uninsured driver were involved, under the terms of the exclusion clause defendants are precluded by their non-consented-to settlement with Shelby Mutual from asserting coverage under plaintiff's policy.
In its complaint, State Farm alleged that defendants had settled with Shelby Mutual and then, after settlement, demanded consent to sue Pooler.
Defendants' answer and counterclaim acknowledged receipt of $5,750.00 from Shelby Mutual. It further admitted that consent to sue Pooler had been sought on December 17, 1965  nearly two years later.
Under this state of the pleadings, it is clear that defendants breached the exclusion clause of their uninsured motorist coverage.[1] Such a breach will be presumed to have prejudiced the insurer, and in the absence of an allegation by defendants that no prejudice has in fact resulted,[2] defendants may not recover.
Affirmed.
CROSS and McCAIN, JJ., concur.
NOTES
[1] Oren v. General Acc. Fire and Life Assur. Corp., Fla.App. 1965, 175 So.2d 581; Phoenix Ins. Co. v. Bowen, Fla.App. 1965, 178 So.2d 751.
[2] Bass v. Aetna Cas. and Sur. Co., Fla. App. 1967, 199 So.2d 790.