215 So.2d 893 (1968)
Gail Rubin KAPLAN, Appellant,
v.
PHOENIX OF HARTFORD INSURANCE COMPANY, Appellee.
No. 68-229.
District Court of Appeal of Florida. Third District.
November 26, 1968.
Rehearing Denied December 18, 1968.
*894 Judith A. Brechner, Miami Beach, Leonard Sussman, Miami, for appellant.
Dean, Adams, George & Wood and David L. Willing, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
The pleadings in the record on appeal allege that Gail Kaplan was a passenger in a car insured by Phoenix of Hartford when it was involved in an accident with two other cars. The driver of one of the other cars was insured, while the driver of the remaining car was not insured.
Kaplan settled her claim with the insured driver and then sought to recover on her claim against the uninsured motorist from Phoenix of Hartford under her host's policy.
Phoenix of Hartford instituted the present action, seeking declaratory relief as to its rights and liabilities under the policy issued to Kaplan's host.
Phoenix alleged that Kaplan's settlement with the insured motorist without its knowledge and consent breached the following condition in the uninsured motorist coverage:
"EXCLUSIONS. This policy does not apply under Part IV: * * *
(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"
Kaplan, admitting the settlement with the insured tortfeasor, raised an affirmative defense which the parties have construed [and we do not disagree] as lack of prejudice to the insurer. The trial court then granted a final summary decree in favor of the insurer and this appeal follows.
In Bass v. Aetna Casualty & Surety Company of Hartford, Conn., Fla.App. 1967, 199 So.2d 790, breach of a similar clause was construed to raise a presumption of prejudice to the insurer rather than an automatic forfeiture. The court held that recovery under the policy should not be barred if the insured asserted lack of prejudice and was able to carry the burden of showing affirmatively that the breach did not in fact prejudice the insurer. See also McInnis v. State Farm Mutual Ins. Co., Fla.App. 1968, 208 So.2d 481.
We do not feel that this type of consent clause should be construed so as to unduly complicate and discourage settlements where no prejudice in fact results to the insurer. See 7 Appleman, Insurance § 4331, pp. 211-12; Note, 32 Mo.L.Rev. 159, 163-4 (1967); Note, 40 N.C.L.Rev. 138 (1961).
*895 At the time the summary final decree was entered, there remained an unresolved material issue of fact as to whether the insurer had in fact been prejudiced by Kaplan's settlement with the insured tortfeasor. The rebuttable presumption of prejudice in favor of the insurer was not sufficient to resolve this issue conclusively on a motion for a summary final decree. See Greyhound Corporation v. Ford, Fla. App. 1963, 157 So.2d 427; Locke v. Stuart, Fla.App. 1959, 113 So.2d 402; and Leonetti v. Boone, Fla. 1954, 74 So.2d 551.
We expressly refrain from venturing any opinion at this time as to what constitutes lack of prejudice to the insurer in this cause.
Accordingly, this matter is reversed and remanded for further proceedings consistent herewith.
It is so ordered.