378 So.2d 787 (1979)
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Appellant,
v.
Linda Joyce EARNEST N/K/a Linda Castillo, Appellee.
No. 79-131.
District Court of Appeal of Florida, Third District.
November 20, 1979.
As Corrected On Denial of Rehearing December 19, 1979.
*788 Haddad & Josephs and Michael Seth Cohen, Miami, for appellant.
Sidney L. Syna, Miami, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
Southeastern Fidelity appeals from a final order dismissing its amended complaint with prejudice. The action sought a declaratory judgment that the defendant-appellee, Linda Earnest, was not entitled to the $20,000 underinsured motorist coverage provided in a Southeastern policy issued to her father, in whose car she was a passenger when the accident in question occurred on December 24, 1974. The order held Earnest entitled to those benefits as a matter of law notwithstanding the plaintiff's allegations
(1) that she had, in violation of a policy term, settled and released her claim against the underinsured motorist without the consent of Southeastern, and
(2) that, at the time of the accident, she was not a resident of her father's household and owned her own car which was insured by State Farm with UM coverage for $10,000, the same amount as the tortfeasor's liability limits; Southeastern therefore contended that she could not "stack" her father's policy onto her own limits so as to create an underinsured status and make its $20,000 UM coverage available to her.[1]
We reverse the judgment under review.
Reversal as to the first point in issue is mandated by our recent decision in Travelers Ins. Co. v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978), in which this court specifically rejected the appellee's present claim that the policy term which forbids settlements without the company's consent does not apply in an underinsured situation. At 360 So.2d 18, it was stated:
In our opinion, appellees, by entering into the stipulation dismissing with prejudice their cause of action against the tort-feasor, Mrs. Bledsoe, and her insurer, The Kenilworth Insurance Company, made in effect a settlement contrary to the provisions of their policy with appellant. Accordingly, appellees' failure to comply with the valid terms and conditions set forth in these provisions caused them to lose their `underinsured' coverage under their policy with appellant. Such a result, i.e., of losing coverage for failure to comply with the terms and conditions of a policy, is not a novel one. See, e.g., Arrieta v. Volkswagen Insurance Company, 343 So.2d 918 (Fla. 3d DCA 1977); Sena v. State Farm Mutual Automobile Insurance Company, 305 So.2d 243 (Fla. *789 3d DCA 1974); and McInnis v. State Farm Mutual Automobile Insurance Company, 208 So.2d 481 (Fla. 4th DCA 1968).
We are not persuaded by the claimant's contention that the Gray case should not be applied because of a conflict within the policy between the clause in question and another which purports to provide that underinsured benefits are not available until the tortfeasor's limits have been exhausted. Of course, the latter provision has been declared invalid in Liberty Mutual Ins. Co. v. Reyer, 362 So.2d 390 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1369 (Fla. 1979); see U.S. Fidelity & Guaranty Co. v. State Farm Mutual Auto Ins. Co., 369 So.2d 410, 411 (Fla. 3d DCA 1979), and cases cited. As a matter of law, therefore, no conflict actually exists. And, although Earnest points out that the Reyer case had not been decided at the time of the settlement involved in this case, the claimant was not free to test the validity of the "no-settlement-without-consent" provision by unilaterally violating it. She could and should have protected her rights by requesting the insurer's consent before settlement, by filing a declaratory judgment proceeding against the company, or both. See Volkswagen Ins. Co. v. Taylor, 201 So.2d 624 (Fla. 1st DCA 1967); cf. U.S. Fidelity & Guaranty Co. v. State Farm Mutual Auto Ins. Co., supra, at 369 So.2d 411, n. 2.
The complaint's allegations of a breach of the settlement terms therefore stated a prima facie basis for the denial of UM benefits to the claimant. On remand, the defendant should be given the opportunity to plead in the answer and affirmatively to demonstrate, if she can, a lack of prejudice to the insurer arising from that breach, so as to overcome the presumption of prejudice and thus obviate the loss of coverage. Kaplan v. Phoenix of Hartford Ins. Co., 215 So.2d 893 (Fla. 3d DCA 1968); Bass v. Aetna Casualty & Surety Co. of Hartford, Conn., 199 So.2d 790 (Fla. 4th DCA 1967), cert. disch., 206 So.2d 211 (Fla. 1968).
Since the order below must thus be reversed in any event, we deem it appropriate also to vacate that portion of the judgment which determined the coverage-stacking issue in favor of the defendant. If Earnest succeeds in showing that no prejudice arose from her breach of the settlement clause,[2] the trial judge should reconsider the point in the light of the then-prevailing state of the law on this issue. Compare United States Fidelity & Guaranty Co. v. Curry, 371 So.2d 677 (Fla. 3d DCA 1979), cert. pending, and Lezcano v. Leatherby Ins. Co., 372 So.2d 214 (Fla. 4th DCA 1979), with Sanchez v. Vigilant Ins. Co., 345 So.2d 396 (Fla. 3d DCA 1977), cert. denied, 354 So.2d 985 (Fla. 1977); Main Ins. Co. v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977); and Government Employees Ins. Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977), cert. denied, 353 So.2d 680 (Fla. 1977).[3] Because it may not be necessary to do so, we do not ourselves pass directly on the issue at this time.
The order under review is reversed and the cause remanded for further consistent proceedings.
Reversed and remanded.
NOTES
[1] See cases cited at note 3, infra.
[2] See State ex rel. Helseth v. DuBose, 99 Fla. 812, 128 So. 4, 6 (1930) (Courts "consistently decline to settle questions beyond the necessities of the immediate case.")
[3] These cases all involve the law applicable prior to the effectiveness of the anti-stacking statute, Sec. 627.4132, Fla. Stat. (1977). Because of the dates involved, the statute does not control this case. Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978).