400 So.2d 505 (1981)
Sherman Robert TUCKER et Ux., Appellants,
v.
Frank Edward SEWARD et al., Appellees.
Nos. 80-209, 80-314 and 80-515.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
Rehearing Denied July 8, 1981.
*506 Bruce Jacobus, Melbourne, and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellants.
Robert C. Cooper of Cooper & Rissman, P.A., Orlando, for appellee, Hartford Acc. & Indem. Co. and Frank Edward Seward.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee, United Services Auto. Ass'n.
DAUKSCH, Chief Judge.
This is a consolidated appeal by plaintiffs from two summary final judgments in an automobile insurance case. The question on appeal, just like the other many appeals in summary judgment cases, is whether the trial court made factual determinations and resolved conflicts in the evidence in rendering these judgments.
The first summary judgment was entered for plaintiffs' insurer against plaintiffs, United Services Automobile Association (USAA). Plaintiffs' attorney mistakenly delivered a release from liability to the tortfeasor without first obtaining the approval of plaintiffs' uninsured  underinsured motorist carrier (USAA), as the policy required. It is USAA's position that the delivery of the release was in direct contravention of the policy and prejudiced it in its right to seek subrogation against the tortfeasor, should it pay any benefits to the plaintiffs for underinsured motorist claims. There is no question the policy provisions were violated but that in itself does not end the matter. The violation must be prejudicial to the insurer. Southeastern Fidelity Ins. Co. v. Earnest, 378 So.2d 787 (Fla.3d DCA 1979); Kaplan v. Phoenix of Hartford Insurance Company, 215 So.2d 893 (Fla.3d DCA 1968), cert. denied, 220 So.2d 365 (Fla. 1969). See also Bass v. Aetna Casualty and Surety Company, 199 So.2d 790 (Fla. 4th DCA 1967), cert. discharged, 206 So.2d 211 (Fla. 1968).
There is a question whether the carrier was prejudiced in this case. The principal prejudice would be the loss of the subrogation rights against the tortfeasor if UMI payments are made to the plaintiffs. It is plaintiffs' position, and the record reflects, that the tortfeasor was 99 years old, a nursing home resident with no future earning capacity and no assets. Perhaps there is no subrogation available and, if so, there is *507 probably no prejudice and thus the summary judgment was error. Thus, if the plaintiffs can show there was no prejudice to the insurer and the insurer would not have any actual rights to protect if the release was not delivered, then the breach of the contract was only nominal and the insurer would be bound to pay under its underinsured motorists coverage. We reverse this summary judgment.
The second summary judgment was entered in favor of the tortfeasor and his insurer against the plaintiffs. The judgment was rendered after the notice of appeal was filed and it is argued the trial court lacked jurisdiction to enter the judgment. Because the notice of appeal was filed only as to the judgment between the plaintiffs and one defendant (USAA), albeit in the same case, we see no legal reason why the court did not retain jurisdiction over these other defendants. This was a two-count, severable action with separate distinguishable claims against two distinct parties. The first judgment affected only the one defendant (USAA) and the second only the other two defendants. It was final as to the first, only, and for us to rule the trial court lost jurisdiction over the other defendant would in effect make the appeal interlocutory as to them. These defendants should have all the protection the law allows and the law should allow them to have the litigation against them terminated at the earliest time. To require them to await the appeal process to be completed in an essentially unrelated matter is unnecessary and without any good reason. The judgment in favor of Seward and Hartford Accident & Indemnity Company is affirmed and the judgment in favor of USAA is reversed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED for further proceedings consistent with this opinion.
COBB and SHARP, JJ., concur.