412 So.2d 394 (1982)
Iberia LOPEZ, Appellant,
v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellee.
No. 81-737.
District Court of Appeal of Florida, Third District.
March 23, 1982.
Rehearing Denied April 27, 1982.
Fernando F. Freire, Miami, for appellant.
James F. Dougherty, II, Miami, for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
SCHWARTZ, Judge.
The plaintiff-appellant settled an automobile accident claim for $3,600 with an alleged joint tortfeasor who had $10,000 of liability coverage with Allstate. This was accomplished without the permission of her uninsured motorist carrier, the appellee Fidelity and Casualty Company, in admitted and unexcused violation of the terms of the UM policy. See Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977); Sena v. State Farm Mutual Automobile Ins. Co., 305 So.2d 243 (Fla. 3d DCA 1974); McInnis v. State Farm Mutual Automobile Ins. Co., 208 So.2d 481 (Fla. 4th DCA 1968). Since the release given to Allstate and its insured *395 destroyed the subrogated right to contribution arising under the recently enacted Uniform Contribution Among Tortfeasors Act, Sec. 768.31(5) Fla. Stat. (1979), which the UM carrier would have secured had it been assessed more than $3,600[1] based on the liability of a phantom vehicle which was also allegedly involved in the accident, prejudice from the breach of the "no-settlement-without-consent" clause was established as a matter of law. See Travelers Ins. Co. v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978); compare and contrast, Southeastern Fidelity Ins. Co. v. Earnest, 395 So.2d 230 (Fla. 3d DCA 1981), and cases cited. The summary judgment entered below in Fidelity and Casualty's favor is consequently
Affirmed.
NOTES
[1] If the arbitrators awarded the plaintiff less than $3,600, the settlement would have been set off, and Fidelity would have owed her nothing. Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978); Volkswagen Ins. Co. v. Taylor, 201 So.2d 624 (Fla. 1st DCA 1967).