443 So.2d 127 (1983)
Darlene GOULD, Appellant,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.
No. 83-185.
District Court of Appeal of Florida, Fifth District.
December 1, 1983.
Rehearing Denied January 11, 1984.
James A. Scott, Jr., of Sylvan A. Wells, P.A., Daytona Beach, for appellant.
Reinald Werrenrath, III, of Akerman, Senterfitt & Eidson, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Darlene Gould appeals from a final summary judgment denying her claim against Prudential for uninsured motorist benefits under a policy issued to her.
Gould, while a passenger in a vehicle operated by Jeffrey Roy, suffered injuries when Roy's car collided with an automobile driven by Gail Elaine Crapps. Gould's amended complaint alleged that the combined negligence of Roy and Crapps caused the accident.
Prudential answered the amended complaint and denied coverage to Gould, raising as an affirmative defense an alleged settlement between Gould and Crapps which occurred without Prudential's express consent. Gould's policy with Prudential contained the following provision regarding uninsured motorist coverage:
SETTLEMENT
Neither you, your legal representative, nor anyone else entitled to payment under this part may settle with anyone responsible for the accident without our consent.
Gould replied to the affirmative defense and averred, inter alia, that Prudential was not prejudiced by the alleged unauthorized settlement. Summary judgment, however, was entered in favor of Prudential. On appeal, Gould argues that genuine issues of material fact exist as to whether Prudential has been prejudiced.
In Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981), this court stated that a violation of the policy provisions of uninsured motorist coverage is not conclusive of the insurer's responsibilities if there has been no prejudice to the insurer. See Southeastern Fidelity Ins. Co. v. Earnest, 378 So.2d 787 (Fla. 3d DCA 1979). Where factual issues exist as to prejudice to the insurer, summary judgment is improper. Johnson v. Home Indemnity Co., 377 So.2d 40 (Fla. 1st DCA 1979). See also Holinda v. Title and Trust Co., 438 So.2d 56 (Fla. 5th DCA).
*128 In Bass v. Aetna Casualty and Surety Co., 199 So.2d 790 (Fla. 4th DCA 1967), the Fourth District noted that when a "consent clause" in an uninsured motorist provision is breached, prejudice to the insurer is presumed. Thus, the burden is on the party seeking to impose liability to demonstrate a lack of prejudice. The Bass court reversed a declaratory judgment in the insurer's favor and held that the insureds should have the opportunity to demonstrate affirmatively that their failure to notify and obtain the consent of the carrier prior to suing the tortfeasor to judgment resulted in no prejudice to the carrier.
Both Johnson and Bass are consistent with the analysis applied in Kaplan v. Phoenix of Hartford Insurance Company, 215 So.2d 893, 895 (Fla. 3d DCA 1968), in which the court stated:
At the time the summary final decree was entered, there remained an unresolved material issue of fact as to whether the insurer had in fact been prejudiced by Kaplan's settlement with the insured tortfeasor. The rebuttable presumption of prejudice in favor of the insurer was not sufficient to resolve this issue conclusively on a motion for a summary final decree.
In the case before us, Prudential claimed that its inability to seek contribution against Crapps and her insurer, Allstate, for the amount remaining under the Allstate policy presumptively and conclusively demonstrates prejudice. The question confronting us is whether a genuine issue of material fact was created by Gould's mere denial of such prejudice.
While it is well established that the presumption of prejudice is rebuttable, see Holinda v. Title and Trust Co., Bass v. Aetna Casualty, we do not agree that at a hearing on motion for summary judgment issues of material fact regarding such presumption are created by the insured's mere denial of prejudice. We believe the rule is that the presumption prevails over the denial and it is necessary for the insured to present some proof by affidavit or otherwise that the insurance company has not been prejudiced. See, e.g., Holinda v. Title and Trust Co. In other words, Prudential, by demonstrating on the face of the pleadings the execution of a release without its consent, sustained its initial burden of showing that Gould was not entitled to recover under the policy. It was then necessary for Gould to come forward with competent evidence revealing a genuine issue of material fact. Landers v. Milton, 370 So.2d 368 (Fla. 1979).
The Kaplan decision does not reveal whether the insured offered any evidence of a lack of prejudice to defeat summary judgment though the opinion suggests that no such evidence was presented. If that was the case, and to that extent only, we are in conflict.
AFFIRMED.
COBB and COWART, JJ., concur.