487 So.2d 340 (1986)
AMERICAN FIRE AND CASUALTY COMPANY and West American Insurance Company, Appellants,
v.
Bradford SINZ, Appellee.
No. 84-1914.
District Court of Appeal of Florida, Fourth District.
April 2, 1986.
Rehearing Denied May 14, 1986.
Rosemary Wilder and Richard A. Sherman of the Law Offices of Richard A. Sherman, and Robert C. Pickford, Fort Lauderdale, for appellants.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Perline & Sottilaire, Miami, for appellee.
OWEN, WILLIAM C., Jr., Associate Judge.
This case involves uninsured motorists coverage. The issues here are whether the trial court erred in holding that (1) appellee was an insured under two corporate policies (i.e., policies in which a corporation was the named insured), and (2) appellee's unauthorized settlement with the third party tort-feasor did not void the coverage. We find no error in either respect and affirm.
On the first issue, the operative facts are as follows: Appellee, while a passenger in a non-owned automobile, sustained injuries due to the negligence of the driver (third party tort-feasor). At that time appellee was a resident of the household of his father, Edward Sinz. The latter was an executive officer of Sinz Realty, Inc. (the named insured in the American Fire & Casualty Company policy), and was also an executive officer of Sinz-Owen Associates, Inc. (the named insured in the West American Insurance Company policy). Each of those policies provided, under the basic automobile liability coverage, that the persons insured included the named insured and "any ... executive officer thereof... ." Under the uninsured motorists coverage the persons insured included "the named insured and any designated insured and, while residents of the same household the spouse and relatives of either."
Appellants argue, in reliance upon Pearcy v. Travelers Indemnity Co., 429 So.2d 1298 *341 (Fla. 3d DCA 1983), and Nicks v. Hartford Insurance Group, 291 So.2d 673 (Fla. 2d DCA 1974), that policies in which a corporation is the named insured can not provide any coverage to a relative because a corporation can have no relatives. There is, however, a substantial and important difference between the policy in the Pearcy case which did not designate officers and executives of the named insured as additional insureds, and the policy in this case which expressly designated executive officers of the named insured as additional insureds. Thus, in this case, appellee is an insured under the uninsured motorists coverage, not by virtue of being a relative of a named insured corporation (which he could not be) but by virtue of being (as he indeed was) a relative resident of the same household as a designated insured, i.e., an executive officer of the corporation, a class of persons expressly named as insured under that coverage.
On the second issue, appellants contend that because appellee entered into a settlement agreement with the third party tort-feasor without the consent of appellants, which conduct violated both a policy provision and section 627.727(6), Florida Statutes (1978), such unauthorized settlement constituted prejudice as a matter of law and therefore voided the coverage, citing in support of that argument Lopez v. Fidelity & Casualty Co., 412 So.2d 394 (Fla. 3d DCA 1982); Travelers Insurance Co. v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978); Sena v. State Farm Mutual, 305 So.2d 243 (Fla. 3d DCA 1974); and McInnis v. State Farm Mutual, 208 So.2d 481 (Fla. 4th DCA 1968). Of the cited cases, only the Lopez case[1] holds that prejudice is established as a matter of law. In the other cited cases, the issue of prejudice was not presented to the trial court, a matter expressly noted in the Sena and McInnis opinions.
We believe that the proper view of the effect which an insured's unauthorized settlement with a third party tort-feasor has upon the uninsured motorists coverage is that set forth in Bass v. Aetna Casualty & Surety Co., 199 So.2d 790 (Fla. 4th DCA 1967), cert. den., 206 So.2d 211 (Fla. 1968) i.e., that the insured's nonconsensual settlement with the third party tort-feasor creates a presumption of prejudice to the insurer with the burden being cast upon the insured to show a lack of prejudice. That view has been expressed also in Galinko v. Aetna Casualty & Surety Co., 432 So.2d 179 (Fla. 1st DCA 1983) and Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981).
The extensive factual findings and conclusions set forth in the trial court's order clearly imply that the issue of lack of prejudice was litigated and decided favorably to the insured. Appellants make no contention here that the issue was not litigated nor that the trial court's determination is not supported by competent substantial evidence. The sole thrust of appellants' argument is that the insured's unauthorized settlement established prejudice as a matter of law, a position with which we disagree.[2]
AFFIRMED.
GLICKSTEIN and WALDEN, JJ., concur.
NOTES
[1] The underlying facts in that case are stated sparsely and the court opinion cites (for the purpose of comparing and contrasting) its own opinion in Southeastern Fidelity Ins. Co. v. Earnest, 395 So.2d 230 (Fla. 3d DCA 1981), a case in which the insured's unauthorized settlement with the tort-feasor was viewed as creating only a presumption of prejudice and in which the insured was afforded the opportunity to and did establish factually that the insurer had not been prejudiced by such unauthorized settlement.
[2] In order that we not detract from our clear holding on this issue, we do not consider here the trial court's separate finding that appellants must bear responsibility for the conduct of their agent (in refusing to disclose to the insured's attorney identification of or access to the policies providing the coverage) which conduct caused the loss of appellants' subrogation rights.