493 So.2d 32 (1986)
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant,
v.
Andrea Faye TAPLIS, As Personal Representative of the Estate of Erick Maurice Taplis, Deceased; James Taplis and Cassie Taplis, His Wife, Appellees.
Nos. 85-1238, 85-1239.
District Court of Appeal of Florida, Fifth District.
August 7, 1986.
Rehearing Denied September 4, 1986.
John N. Bogdanoff of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellant.
Angus W. Harriett of Harriett & Sproull, P.A., Palatka, for appellee.
COBB, Judge.
The issue in this case is whether the release of a tortfeasor by the claimants, James and Cassie Taplis, operated to discharge the liability of their uninsured motorists insurance carrier.
The Taplises' grandson, who was determined to be a member of their household, was fatally injured in an automobile accident as a result of the negligence of one Kent Teal. At the time, the Taplises had U.M. coverage with General Accident, covering three vehicles, with limits of $10,000/$20,000 on each. Without the consent of General Accident, the Taplises executed a release to Teal in exchange for a $50,000 settlement. The General Accident policy provided:
If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do: (1) whatever is necessary to enable us to exercise our rights; (2) nothing after loss to prejudice them.
* * * * * *
We do not provide uninsured motorists coverage for bodily injury sustained by any person: ... (2) if that person or the legal representative settles the bodily injury claim without our consent.
Under Florida law, violation of a settlement provision voids coverage unless the insured can conclusively overcome the presumption of prejudice to the insurer. See American Fire & Casualty Co. v. Sinz, 487 So.2d 340 (Fla. 4th DCA 1986); Gould v. Prudential Property & Casualty Ins. Co., 443 So.2d 127 (Fla. 5th DCA 1983), *33 review denied, 451 So.2d 848 (Fla. 1984); Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981); Southeastern Fidelity Ins. Co. v. Earnest, 395 So.2d 230 (Fla. 3d DCA 1981); Kaplan v. Phoenix of Hartford Ins. Co., 215 So.2d 893 (Fla. 3d DCA 1968), cert. denied, 220 So.2d 365 (Fla. 1969); McInnis v. State Farm Mutual Automobile Ins. Co., 208 So.2d 481 (Fla. 4th DCA 1968); Bass v. Aetna Casualty & Surety Co., 199 So.2d 790 (Fla. 4th DCA 1967) cert. dismissed 206 So.2d 211, 212 (Fla. 1968). A mere denial of prejudice is insufficient. See Gould, supra.
In Tucker, supra, we reversed a summary judgment for the carrier in a similar situation where the facts reflected that the tortfeasor was a 99-year-old nursing home resident with no future earning capacity and no assets. Under those extreme circumstances, we held that the plaintiff had met the difficult burden of showing no prejudice to the insurer, and that the breach of the contract was only nominal.
The uncontroverted evidence in this case shows the tortfeasor is a healthy 23-year-old man presently earning upwards of $32,000 per year, and with unrestricted future earning ability. Although he has no assets presently, there is every probability that he would have assets in the future subject to the subrogation rights of the carrier. We therefore hold that the trial court erred in determining that the appellees had met their burden of demonstrating a lack of prejudice to the insurer.
REVERSED.
ORFINGER and COWART, JJ., concur.