510 So.2d 635 (1987)
Dominick ARGIRO and Michelle Argiro, Appellants,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellee.
No. 86-2835.
District Court of Appeal of Florida, Third District.
July 28, 1987.
Barry M. Snyder, North Miami, for appellants.
Kopplow & Flynn and Ronald Kopplow, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Argiro entered into a settlement agreement with a tortfeasor, whereby Argiro received $10,000 for a claim valued at $30,000 to $40,000. In return, Argiro released the tortfeasor from any further liability. This was contrary to a nonsettlement clause of an uninsured/underinsured motorist insurance policy, issued to Argiro by Progressive Insurance Company (Progressive), as well as a specific request by Progressive asking Argiro not to waive any of its subrogation rights. When Progressive refused to pay Argiro for her damages not covered by the settlement agreement, Argiro sued Progressive for benefits pursuant to her insurance policy. The trial court rendered a verdict for Progressive, and Argiro appealed.
Argiro contends that Progressive was not prejudiced by the settlement, which waived Progressive's right to pursue a money judgment against the tortfeasor, since Progressive would have been unable to collect a judgment against the tortfeasor. However, the general rule in Florida is that where an insured settles with a third party tortfeasor in violation of a nonsettlement provision in a contract for insurance, the insurer is presumed to have been prejudiced, and the burden falls upon the insured to prove otherwise. General Accident Ins. Co. of Am. v. Taplis, 493 So.2d 32 (Fla. 5th DCA 1986); American Fire & Casualty Co. v. Sinz, 487 So.2d 340 (Fla. 4th DCA 1986); Gould v. Prudential *636 Property & Casualty Ins. Co., 443 So.2d 127 (Fla. 5th DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984); Lopez v. Fidelity & Casualty Co., 412 So.2d 394 (Fla. 3d DCA 1982); Kaplan v. Phoenix of Hartford Ins. Co., 215 So.2d 893 (Fla. 3d DCA 1968), cert. denied, 220 So.2d 365 (Fla. 1969). "A mere denial of prejudice is insufficient." Taplis, 493 So.2d at 33.
Based upon the evidence presented by Argiro there is no reason to believe her contention that the tortfeasor was, and would remain, "judgment-proof." In fact, the record shows that the tortfeasor was a college student with good grades, holding a part-time job. Furthermore, he had both a checking and a savings account in addition to savings bonds. The trial judge was not obliged to accept as an established fact the expert opinion offered by Argiro's witness. Behm v. Division of Administration, 336 So.2d 579 (Fla. 1976). Argiro failed to present other evidence sufficient to overcome the presumption of prejudice the waiver of subrogation rights caused to Progressive. Consequently, the trial court correctly returned a verdict for Progressive. Accordingly, the judgment under review is
Affirmed.
NESBITT and DANIEL S. PEARSON, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
While I am compelled by the weight of authority to concur with the result, I believe that it is wholly unrealistic to ascribe actual commercial value to the assumed ability to secure and collect a judgment against an uninsured individual defendant, even though he may not be theoretically judgment-proof. For the very reasons that, as is well known, it is perfectly appropriate  when there is no UM policy  for a responsible plaintiff's attorney to settle a case for the policy limits, or to decline as not financially worthwhile to proceed at all against an uninsured defendant, I would hold if I could that a UM carrier loses nothing when the defendant has been released from personal liability and that it should not be entitled to the gratuitous windfall of the forfeiture of the coverage for which it has been paid. In the present case, as the insured's "credit expert" indicated, the likelihood that Progressive would find it economically feasible even to pursue the tortfeasor, who now resides in another state, much less that it might collect from him on its subrogated claim, is so remote that its loss of that "right" should have no effect upon its obligation to its insured.