538 So.2d 108 (1989)
Elizabeth WATHERWAX, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 88-1116.
District Court of Appeal of Florida, Second District.
February 8, 1989.
Ronald Alexander Cyril and James D. Keeney of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee.
SCHOONOVER, Judge.
The appellant, Elizabeth Watherwax, challenges a final summary judgment entered *109 in favor of the appellee, Allstate Insurance Company. We find that the trial court erred by granting the summary judgment and, accordingly, reverse.
The appellant was a passenger in her daughter's automobile when she sustained substantial injuries as the result of an accident with another vehicle driven by Merle Stutzman. The tortfeasor, Merle Stutzman, had liability insurance in the amount of $10,000, and the appellant's own insurance policy provided underinsured motorist benefits. It was subsequently discovered that appellant was also entitled to underinsured motorist protection under an insurance policy issued to her daughter by Allstate. Several months after the accident but before the appellant ascertained that she was entitled to any benefits under her daughter's policy, the appellant, with her insurer's consent, settled with the tortfeasor and his insurer for his policy limits. The appellant and her insurer then entered into an agreement concerning her underinsured motorist claim.
When the appellant discovered that she was also protected by her daughter's policy because she lived with her daughter, the appellant filed a claim for the $25,000 underinsured motorist protection benefits provided in Allstate's policy. Allstate denied this claim on the ground that the appellant had failed to seek or obtain consent of her settlement with the tortfeasor as required by the policy and section 627.727(6), Florida Statutes (1985).
The appellant then filed the instant action seeking a declaratory judgment that she was entitled to underinsured motorist coverage under Allstate's policy. Allstate answered the appellant's complaint and subsequently moved for a summary judgment. The trial court found as a matter of law that the appellant's nonconsensual settlement with the tortfeasor prejudiced Allstate and entered a final summary judgment in its favor. This timely appeal followed.
Allstate's policy contains an exclusionary clause which excludes underinsured motorist benefits if the person entitled to those benefits settles with the tortfeasor without Allstate's consent. It is undisputed that the appellant did not submit any proposed settlement agreement to Allstate as required by this clause or section 627.727(6). The failure to obtain the consent of the insurer under an exclusionary clause does not prohibit recovery, however, if the insurer was not prejudiced by the settlement. Kaplan v. Phoenix of Hartford Ins. Co., 215 So.2d 893 (Fla. 3d DCA 1968), cert. denied, 220 So.2d 365 (1969). The general rule in Florida is that where an insured settles with a third party tortfeasor in violation of a nonsettlement provision, the insurer is presumed to have been prejudiced. Argiro v. Progressive American Ins. Co., 510 So.2d 635 (Fla. 3d DCA 1987); American Fire & Casualty Co. v. Sinz, 487 So.2d 340 (Fla. 4th DCA 1986). However, this is a rebuttable presumption, and therefore, if the insured effectively carries the burden of showing that the breach did not in fact prejudice the insurer, recovery is not barred. Kaplan.
A summary judgment should not be entered unless the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c). See also, Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The initial burden is on the moving party to prove the absence of a genuine issue of material fact and, if met, the burden then shifts to the opposing party to prove the existence of an issue of material fact. Holl.
Allstate, by establishing that the appellant executed a release of the tortfeasor without its consent, raised the rebuttable presumption of prejudice and, accordingly, carried its initial burden of establishing the nonexistence of a material fact. Gould v. Prudential Property & Casualty Ins. Co., 443 So.2d 127 (Fla. 5th DCA), review denied, 451 So.2d 848 (1984). The burden then shifted to the appellant to prove the existence of a genuine issue of material fact. Holl. If the appellant had merely denied that Allstate was prejudiced, the presumption would not have been overcome *110 and Allstate would have been entitled to a summary judgment. Gould. The appellant, however, produced two affidavits executed by the tortfeasor, setting forth facts regarding the tortfeasor's age, education, health, assets, earning ability and potential, which sufficiently established a genuine issue of material fact as to whether Allstate was prejudiced by the release of the tortfeasor.[1] Therefore, the trial court erred in granting Allstate's motion for summary judgment and we, accordingly, reverse and remand for further proceedings. Holl; Kaplan; Gorman v. Albertson's, Inc., 519 So.2d 1119 (Fla. 2d DCA 1988); General Accident Ins. Co. v. Taplis, 493 So.2d 32 (Fla. 5th DCA 1986); Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981).
REVERSED AND REMANDED.
CAMPBELL, C.J., and PATTERSON, J., concur.
NOTES
[1] Since we find that the two affidavits executed by the tortfeasor were sufficient to create a material issue of fact, it is not necessary for us to consider Allstate's contention that the affidavits of two attorneys and the appellant were improper, and we decline to do so.