558 So.2d 432 (1990)
Andrew RAFFERTY and Helen Rafferty, Husband and Wife, Appellants,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellee.
No. 89-01077.
District Court of Appeal of Florida, Second District.
January 26, 1990.
Rehearing Denied March 15, 1990.
Bruce D. Frankel of Goldberg, Goldstein and Buckley, P.A., Fort Myers, for appellants.
Mark B. Yeslow of Jeffrey D. Troy, P.A., Fort Myers, for appellee.
*433 PATTERSON, Judge.
This is an appeal from a final summary judgment entered in favor of Progressive American Insurance Company, defendant below, in an action for underinsured motorist coverage. We reverse and remand.
Appellants filed a complaint against appellee for underinsured motorist benefits as a result of a motor vehicle accident in which Andrew Rafferty sustained injuries. Allstate Insurance Company provided $20,000 liability limits to the tortfeasor, Tony Cozad, through his mother's insurance policy. There were three claims against the Allstate policy. After ascertaining that the Cozads were unable to respond personally in damages, appellants accepted their share of the policy limits. Appellee asserts that its policy provides no underinsured motorist coverage because the insured settled without appellee's written consent.
Appellants' failure to obtain consent from appellee before settlement with the tortfeasor does not prohibit recovery for underinsured motorist benefits if the settlement did not prejudice the insurer. Watherwax v. Allstate Ins. Co., 538 So.2d 108 (Fla. 2d DCA 1989). Release of the tortfeasor without the insurer's consent raises a rebuttable presumption of prejudice. Appellants have the burden to rebut this presumption and demonstrate a genuine issue of material fact as to whether the release of the tortfeasor prejudiced appellee. Watherwax. Appellants presented facts about the Cozads' financial condition sufficient to raise a factual issue as to whether the settlement prejudiced appellee.
Even if appellants could not prove that the Cozads are judgment proof, the record reflects that further discovery might show that appellee would have settled with the Cozads based on its underwriting standards. If this is true, then appellee cannot claim prejudice.
An issue of material fact exists with respect to prejudice to appellee; therefore, the final summary judgment is reversed and the case remanded for further proceedings.
FRANK, A.C.J., and ALTENBERND, J., concur.