WOLF, Judge.
Auto-Owners Insurance Company (Auto-Owners) appeals from a final judgment entered after the trial court granted Cincinnati Insurance Company’s (Cincinnati) motion for summary judgment. The decision of the trial court is affirmed.
*396 The issue before the trial court was whether Cincinnati (uninsured motorist carrier) was prejudiced as a result of the insured’s entering into a settlement and release with the tort-feasor without giving notice to and obtaining consent from Cincinnati. The resolution of this issue depended on whether the tort-feasor was and will remain judgment proof. Argiro v. Progressive American Ins. Co., 510 So.2d 635 (Fla. 3rd DCA 1987). Normally, such a determination involves questions of material fact which would preclude summary judgment. Watherwax v. Allstate Ins. Co., 538 So.2d 108 (Fla. 2nd DCA 1989).
Under the unique circumstances of the instant case, however, the trial court did not err in granting summary judgment. Both parties moved for summary judgment on the question of whether the insured was prejudiced by the unnoticed settlement. They both alleged that there were no genuine issues of material fact. Both parties relied on the deposition of the tort-feasor to determine her financial condition. A number of times during the summary judgment hearing, the attorney for appellant, Auto-Owners, indicated that the deposition of the tort-feasor would demonstrate whether Cincinnati was prejudiced. At one point, Auto-Owner’s attorney stated, “We have brought to the court the deposition of Vanessa Williams, the tort-feasor, and it’s for the court to review.” The instant case was to be a nonjury trial and the trial judge was to be the ultimate finder of fact. It appears on the record before us that the parties agreed that the pertinent evidence was presented to the trier of fact for resolution.
In addition, appellant never asserts on appeal that it was error to enter the summary judgment because there were disputed issues of material fact. Auto-Owner’s sole contention before this court is that Mrs. Williams’ deposition established that she could not afford to pay a final judgment and, therefore, Cincinnati was not prejudiced by the settlement.
The trial judge determined that Cincinnati Insurance Company was prejudiced. We find no error in the trial court’s determination that Auto-Owners failed to overcome the presumption that Cincinnati was prejudiced by the insured settling the claim without Cincinnati’s consent. McInnis v. State Farm Mut. Auto. Ins. Co., 208 So.2d 481 (Fla. 1st DCA 1968). It would serve no useful purpose to return this matter to the trial court for further proceedings.
Affirmed.
ERVIN and ALLEN, JJ., concur.