FRANK, Chief Judge.
In a dispute arising from an automobile accident, the trial court entered summary judgment against the plaintiff, Mitchell Mos-kowitz, on the ground that he improperly settled with the tortfeasor before giving written notice, as is required .by section 627.727(6), Florida Statutes (1993), to his insurance company, State Farm Automobile Insurance Company. The effect of the summary judgment precludes Moskowitz from pursuing an uninsured motorist action against State Farm. We reverse because of genuine issues of material fact.
It is undisputed that Moskowitz did not provide the statutorily required written notice. Moskowitz’s attorney, Todd Berger, however, filed an affidavit in opposition to State Farm’s motion for summary judgment that raised fact issues which, if resolved in Moskowitz’ favor, would excuse his failure to comply with the statute. First, Berger averred that he called the State Farm claims office and inquired about the existence of personal injury coverage, medical payments coverage, uninsured motorist coverage, and claim numbers. He was given accurate information about everything except the status of the uninsured motorist coverage. This conversation occurred before the date of the settlement. Although State Farm attempts to cast doubt upon the veracity of the affidavit (a fact question), a subsequent written, but erroneous, confirmation by State Farm indicating that there was no uninsured motorist coverage would at least give rise to the inference that there had been an initial inquiry and a misleading response concerning UM coverage. If this issue were to be resolved in Moskowitz’s favor, it might absolve him from failure to follow the statutory requirement of written notice of proposed settlement. See Kovarnik v. Royal Globe Insurance Co., 363 So.2d 166 (Fla. 4th DCA 1978).
The written notification requirement of section 627.727(6) creates only a rebuttable presumption of prejudice to the insurer. Bankers Insurance Co. v. Macias, 475 So.2d 1216 (Fla.1985). If the carrier proves that the insured did not comply with the statute, the insured may then go forward and show that failure to obtain the consent to settle did not prejudice the insurer. See Rafferty v. Progressive American Insurance Co., 558 So.2d 432 (Fla. 2d DCA 1990). In this case the settlement check issued by the tortfea-sor’s insurance company, Travelers, to Moskowitz and his attorney was also endorsed by H.C. Harrison, as “authorized agent” of *264 “State Farm Insurance Company.” The apparent reason for this endorsement was that State Farm Fire & Casualty Company was Moskowitz’s employer’s worker’s compensation carrier. Moskowitz has argued that the endorsement suggests that the company consented to the settlement and thus could not claim prejudice. State Farm has contended that the endorsement by one entity in the State Farm conglomerate could not bind another, entirely independent, company. Whether Moskowitz and his attorney had a duty to inquire further about the status of the agent and the entity on behalf of which he purported to act is, however, a question for the trier of fact.
In light of the foregoing, the summary judgment is reversed and this cause is remanded for further proceedings.
PATTERSON and QUINCE, JJ., concur.