PER CURIAM.
We review an appeal from an order of final summary judgment entered in favor of Kirkland and Allstate Insurance Co. We affirm the judgment of the trial court that the release signed by Scott was valid and released Kirkland, the third party tort-fea-sor, from any and all liability in regard to the automobile accident. We reverse, however, on the issue of whether Allstate was prejudiced by the non-consensual settlement with Kirkland. Such a settlement creates a presumption of prejudice to the insurer. Recovery against an insurance company under an uninsured motorist provision is not barred, however, if the insured carries the burden of showing that the insurer was not prejudiced by the release of the tort-feasor. The insured must demonstrate that the tort-feasor is and will remain judgment proof. Auto-Owners Ins. Co. v. Cincinnati Ins. Co., 576 So.2d 395 (Fla. 1st DCA 1991). In this instance, a question of material fact as to whether Kirkland is in fact judgment-proof was raised by Kirkland’s financial affidavit submitted by appellant in the proceedings below. When a factual issue is raised regarding prejudice to the insurer, summary judgment is inappropriate. Johnson v. Home Indemnity Co., 377 So.2d 40 (Fla. 1st DCA 1979). We, therefore, reverse on this issue and remand for proceedings in accordance with this opinion.
ERVIN, MINER and WOLF, JJ., concur.