PER CURIAM.
This cause is before us on appeal from an order of final summary judgment in favor of appellee Allstate Indemnity Company (“Allstate”). We reverse and remand for further proceedings.
Under Florida law, where an insured settles with a third-party tortfeasor in violation of a nonsettlement provision, the insurer is presumed to have been prejudiced. Watherwax v. Allstate Ins. Co., 538 So.2d 108, 109 (Fla. 2d DCA 1989); General Accident Insurance Co. v. Taplis, 493 So.2d 32 (Fla. 5th DCA 1986). However, this is a rebuttable presumption, with the burden on the insured to show that the breach did not in fact prejudice the insurer. Watherwax, supra.
Here, Allstate, by establishing that appellants Steven and Susan Armstrong *1122 (“Armstrong”) executed a settlement without their written consent, raised the presumption of prejudice and carried its burden of showing the nonexistence of material facts in issue. However, in rebuttal, Armstrong presented deposition testimony of the tortfeasor Donnie Lovett (“Lovett”) which set forth facts about Lovett’s age, income, education, and general inability to pay an adverse judgment. We hold that the specific facts presented were sufficient to establish a genuine issue of material fact as to whether Allstate was prejudiced by the release of the tortfea-sor, i.e., whether Lovett was and will remain “judgment-proof.” See, e.g., Watherwax, supra. As such, summary judgment was improperly granted. See, e.g., Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
We REVERSE and REMAND for further proceedings.
BOOTH, LAWRENCE and VAN NORTWICK, JJ., concur.