982 So.2d 749 (2008)
Virginia MUTH, Appellant,
v.
AIU INSURANCE COMPANY, Appellee.
No. 4D07-2603.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
*750 Alan Silverstein, Palm Beach Gardens, for appellant.
Michelle M. Sotolongo of Law Offices of Scott L. Astrin, Maitland, for appellee.
TAYLOR, J.
Virginia Muth appeals from the final summary judgment entered in favor of her underinsured motorist carrier, AIU Insurance Company, and the order denying her motion for rehearing. We affirm because it is undisputed that appellant settled her accident case with one of the tortfeasors *751 and released her without first notifying AIU and obtaining AIU's consent, contrary to section 627.727(6)(a), Florida Statutes. Further, appellant's noncompliance with this statutory provision created a presumption of prejudice to AIU that appellant failed to timely rebut with competent evidence.
Appellant filed a complaint against AIU Insurance Company seeking to recover under the uninsured/underinsured motorist provisions of her automobile insurance policy for injuries and damages stemming from an automobile accident that occurred on June 7, 2000.
AIU filed an answer and affirmative defenses. When AIU later learned that Muth had settled claims and executed releases in favor of one of the tortfeasors, Karen Somma, without providing notice and seeking AIU's permission to settle, as required by section 627.727(6)(a),[1] AIU filed an amended answer alleging that appellant's claim was barred.
AIU filed a motion for summary judgment alleging that the settlement and release violated the statute and prejudiced AIU "by effectively cutting off any subrogation rights Defendant may have against Tortfeasor Somma." The court granted the motion for summary judgment, stating as follows:
Defendant's Motion is granted with prejudice pursuant to FRCP 1.510. It was undisputed that Plaintiffs settled their claims with the underlying tortfeasor without notice to Defendant AI[U] Insurance Company, the uninsured/underinsured motorist carrier. It is also noted that Plaintiff produced no evidence to overcome the presumption of prejudice to Defendant AI[U] Insurance Company (see Gray v. State Farm, 734 So.2d 1102 (Fla. 2d DCA 1999)). Plaintiff's proffer that further discovery might show lack of prejudice was unsupported by any competent, admissible evidence. Further, the court finds the Motion was served November 9, 2006, the Notice of Hearing was served January 5, 2007, and the Hearing was held April 17, 2007. Pursuant to Periera v. Florida Power and Light Co., 680 So.2d 617 (Fla. 4th DCA 1996), Plaintiff has not shown by sworn Affidavit the existence and availability of any additional evidentiary material, what it is and its materiality, what steps have been taken to obtain it, and that failure to obtain such evidence sooner did not result from delay.
Appellant filed a motion for rehearing acknowledging the presumption of prejudice but arguing that the presumption is rebuttable. Citing Rafferty v. Progressive American Insurance Co., 558 So.2d 432 (Fla. 2d DCA 1990), she asserted that if the insured can demonstrate a genuine issue of material fact as to whether the release of the tortfeasor prejudiced the carrier, a summary judgment predicated upon the insured's failure to obtain the carrier's consent to settle is reversible. She attached an affidavit by her counsel setting forth what she characterized as the "minimal" financial condition of the underlying tortfeasor. Appellant urged the court to exercise its discretion and consider *752 the affidavit, citing Valcin v. Public Health Trust of Dade County, 473 So.2d 1297, 1303 (Fla. 3d DCA 1984). The trial court denied the motion for reconsideration.
Appellant concedes that she did not obtain AIU's consent prior to entering into the settlement agreement and executing a release, as required by section 627.727(6)(a), Florida Statutes. She further acknowledges that her failure to comply with the statute creates a presumption of prejudice to her insurer, AIU. See N.H. Ins. Co. v. Knight, 506 So.2d 75, 78 (Fla. 5th DCA 1987); Gould v. Prudential Prop. & Cas. Ins. Co., 443 So.2d 127, 128 (Fla. 5th DCA 1983). However, as appellant points out, failure to obtain an insurer's consent prior to settlement does not prohibit recovery for uninsured/underinsured motorist benefits if the settlement did not prejudice the insurer. Rafferty v. Progressive Am. Ins. Co., 558 So.2d 432 (Fla. 2d DCA 1990); Gray v. State Farm Mut. Auto. Ins. Co., 734 So.2d 1102 (Fla. 2d DCA 1999). The probable insolvency of the tortfeasor can be sufficient to overcome the presumption of prejudice. Perry v. Munger, 730 So.2d 393, 395 (Fla. 2d DCA 1999). "[I]t is necessary for the insured to present some proof by affidavit or otherwise that the insurance company has not been prejudiced." Gould, 443 So.2d at 128. This evidence must be "competent evidence revealing a genuine issue of material fact." Id.
Appellant contends that the affidavit she filed in support of her motion for rehearing showed issues of material fact regarding the question of prejudice to AIU. AIU counters that the trial court did not abuse its discretion in denying the motion for rehearing, because the affidavit filed by appellant was untimely in that it was not submitted until she filed a motion for rehearing. Further, appellant offered no compelling reasons or exigent circumstances to excuse the affidavit's tardiness.
A trial court's decision on a motion for rehearing is reviewed for abuse of discretion, as is a trial court's refusal to consider late affidavits filed with a motion for rehearing. See Pangilinan v. Broward County, 914 So.2d 1094 (Fla. 4th DCA 2005) (en banc); Lennertz v. Dorsey, 421 So.2d 820, 821 (Fla. 4th DCA 1982). "The purpose of a motion for rehearing is `to give the trial court an opportunity to consider matters which it overlooked or failed to consider . . . and to correct any error if it becomes convinced that it has erred.'" Gaffney v. Gaffney, 965 So.2d 1217, 1221 (Fla. 4th DCA 2007) (quoting Carollo v. Carollo, 920 So.2d 16, 19 (Fla. 3d DCA 2004)).
As we explained in Pangilinan, "[i]t is one thing for a court to receive an amended or supplementary affidavit on a motion for rehearing; it is quite another to allow a nonmoving party to sit back, review the entire proceedings, and not attempt to negate the nonexistence of a material issue of fact until rehearing. Such a procedure certainly is not sanctioned by the rules and is not conducive to the orderly administration of justice." 914 So.2d at 1097 (quoting Willis v. L.W. Foster Sportswear Co., 352 So.2d 922, 924 (Fla. 2d DCA 1977)). In Willis, the court stated that cases where affidavits presented for the first time on rehearing are considered should be "the exception and not the rule, and the trial judge should require a convincing showing of exigent circumstances." 352 So.2d at 924.
Here, where appellant first submitted her affidavit to rebut the presumption of prejudice to AIU when she filed her motion for rehearing and, further, failed to show any compelling reasons or exigent circumstances to excuse the affidavit's tardiness, *753 the trial court did not abuse its discretion in denying the motion for rehearing.
Affirmed.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] Section 627.727(6)(a), Florida Statutes, provides in pertinent part:

If an injured person . . . agrees to settle a claim with a liability insurer and its insured, and such settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an underinsured motorist claim, then written notice of the proposed settlement must be submitted by certified or registered mail to all underinsured motorist insurers that provide coverage. The underinsured motorist insurer then has a period of 30 days after receipt thereof to consider authorization of the settlement or retention of subrogation rights. . . .