ON MOTION FOR REHEARING

JACOBUS, J.
We deny Association Casualty Insurance Company’s (“the Association”) timely motion for rehearing but withdraw our previous opinion and substitute the following. Frank Gay and Frank Gay Plumbing, Inc. timely appeal an order entering final summary judgment against them in favor of the Association. Summary judgment was entered after the trial court found there was no uninsured motorist coverage available to Mr. Gay under the terms and conditions of the policy he had with the Association. Because we find that material issues of fact remain, we reverse and remand the case for further consideration.
In August 2005, Mr. Gay was involved in an automobile accident with an underin-sured motorist. At the time of the accident, Mr. Gay was driving a vehicle owned by his company, Frank Gay Plumbing, Inc. The company maintained an insurance policy with the Association, which provided uninsured motorist coverage. Mr. Gay purchased this coverage through Burkey Risk Services, Inc. (“Burkey Risk”).
Mr. Gay was contacted by the tortfea-sor’s carrier, GEICO Indemnity Insurance Company (“GEICO”), regarding the accident. GEICO provided Mr. Gay with a *1030 settlement check for $10,000 and a settlement release of all claims.[1] In May 2006, before cashing the check or signing the release, Mr. Gay contacted a representative of Burkey Risk and asked whether it was appropriate to cash the $10,000 check from GEICO. According to Mr. Gay, he was advised by an employee of Burkey Risk that it was okay to cash the check, but he was not told to sign the release because it might affect his ability to pursue additional claims for underinsured motorist benefits from his own insurance company. In June 2006, Mr. Gay cashed the $10,000 check. He did not initially sign the release. At some later date he did sign the release, but the release was never delivered to GEICO. At the time he cashed the check, Mr. Gay sent a letter to Burkey Risk asking whether or not to sign the release. Mr. Gay also asked Burkey Risk to report the underinsured motorist claim to the Association.
The Association denied Mr. Gay coverage on the basis that: (1) he had settled his claim with the underlying tortfeaser contrary to the insurance policy language, and (2) he had failed to give written notice to the insurance company of the underin-sured motorist claim. Mr. Gay subsequently filed suit for declaratory relief. The parties filed cross-motions for summary judgment, contending there were no material issues of fact.
After a hearing on the motions for summary judgment, the trial court entered final summary judgment in favor of the Association and against Mr. Gay. The court found that Burkey Risk acted as the agent of both Mr. Gay and the Association. The court further found that notice to Burkey Risk was not notice to the Association and that Mr. Gay had failed to comply with the express terms of the policy, which required written notice to the carrier regarding any uninsured or underinsured motorist claim.
On appeal, the parties take opposing positions as to whether Burkey Risk was an agent or apparent agent for the Association or simply an insurance broker. We conclude the evidence is conflicting on this issue.
On the one hand, there was evidence that Burkey Risk represents more than seventy insurance companies. Also, the Association did not provide stationary, binder forms, or applications to Burkey Risk. According to the agreement between the Association and Burkey Risk, Burkey Risk is not permitted to use the Association’s name or logo(s) in advertising or promotional material without the Association’s permission. The agreement further states that Burkey Risk is not the Association’s employee. These facts suggest Burkey Risk acted as an insurance broker in this case. See Amstar Ins. Co. v. Cadet, 862 So.2d 786 (Fla. 5th DCA 2003) (finding agency was insurance broker where it solicited insurance business from general public and had relationships with numerous insurance companies).
Other evidence, however, suggests Bur-key Risk was more than an insurance broker. Specifically, the agreement between Burkey Risk and the Association states that Burkey Risk can collect premiums on insurance and can receive, accept, and bind parties to certain proposals for contracts of insurance with the Association. There was also evidence that Burkey Risk was the registered agent for the Association in Florida. The evidence further showed that, on occasion, the Association provided *1031 materials, including brochures and fliers, to Burkey Risk when new products were on the market. These factors suggest Burkey Risk was, or was at least held out to be, an insurance agent for the Association. In light of the conflicting evidence regarding the nature of the relationship between Burkey Risk and the Association, there is a material issue of fact regarding the issue of agency.
If Burkey Risk was the Association’s agent or apparent agent for purposes of receiving notice of claims, then any notice Mr. Gay provided Burkey Risk was, in effect, notice to the Association. Florida Law is quite clear that notice to one’s agent is notice to the principal. That is true in the context of insurance. See Johnson v. Life Ins. Co. of Ga., 52 So.2d 813, 815 (Fla.1951). Here, Mr. Gay contends that he discussed the matter with an employee of Burkey Risk and there is correspondence between Mr. Gay and Bur-key Risk that supports his contention. If Mr. Gay advised Burkey Risk of his potential settlement and Burkey Risk told him to cash the check, the Association is es-topped to deny coverage under the policy because notice to their agent, Burkey Risk, was notice to the Association. The court found that Mr. Gay is not entitled to benefits because there was no written notice as required by the uninsured motorist policy. However, one can waive the written notice requirement when the carrier had actual notice of the claim. See Moskowitz v. State Farm Mut. Auto. Ins. Co., 646 So.2d 262 (Fla. 2d DCA 1994). It is unclear in this case whether Burkey Risk’s employee told Mr. Gay to cash the check, but not to sign the release. Mr. Gay contends this occurred, but the employee denies that he gave Mr. Gay this advice. Thus, there is a material issue of fact regarding notice and summary judgment was not appropriate on this issue.
Even if the finder of fact determines that Burkey Risk was not the Association’s agent or apparent agent or that Mr. Gay was not advised by Burkey Risk to cash the settlement check, another issue remains. Specifically, the question becomes whether the settlement with GEI-CO prejudiced the Association. The court, in its order on the summary judgment, indicated it could not reach a factual conclusion on that issue. On remand, Mr. Gay, the insured, should have an opportunity to show that there was no prejudice to the Association by virtue of the settlement with GEICO. See Gen. Accident Ins. Co. of Am. v. Taplis, 493 So.2d 32 (Fla. 5th DCA 1986).
In sum, there is a material issue of fact regarding whether Burkey Risk was an agent or apparent agent for the Association. There is also a material issue of fact as to whether Burkey Risk’s employee told Mr. Gay to cash the check but not to sign the release. Finally, there is an issue of fact as to whether or not the Association was prejudiced by the settlement with GEICO. Because disputed issues of fact preclude summary judgment, we reverse the final judgment entered in the Association’s favor and remand this matter to the trial court for further consideration.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.

. The tortfeasor had a policy limit of $10,000. It is undisputed that Mr. Gay’s injuries resulted in damages exceeding $10,000.