218 So.2d 198 (1969)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Carl F. WHITAKER, Diane Whitaker and Sidney Whitaker, Appellees.
No. K-221.
District Court of Appeal of Florida. First District.
January 30, 1969.
Rehearing Denied February 21, 1969.
*199 Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Campbell & Andrews, Defuniak Springs, for appellees.
RAWLS, Judge.
The defendant, Government Employees Insurance Company, has appealed from an order denying its motion to compel arbitration.
The sole point as stated by appellant is: Does refusal by one of two uninsured motorist carriers on a particular risk to pay the full amount demanded by the insured waive the arbitration provisions of an uninsured motorist policy?
The Whitaker children, while passengers in the Ellis automobile, were injured in an accident caused by the negligence of an uninsured motorist driving an uninsured automobile. When it became apparent that the Ellises would exhaust their uninsured motorist coverage, Carl Whitaker, father of the Whitaker children, on August 2, 1966, sought reimbursement from his own carrier, Government Employees Insurance Company. Medical records, reports and the entire Whitaker file were made available to Government Employees' adjuster who, on July 13, 1967, advised the Whitakers that their carrier would share their claim equally with Continental Insurance Company (Ellis's carrier) but it would not make any unilateral payment of any kind on the claim. The adjuster from the beginning had been advised that the Whitakers were not making a claim against Continental because the Ellises would absorb its entire coverage. The Whitakers' only contact with its carrier was through the adjuster who refused to change his position. On January 3, 1968, this suit for declaratory judgment was filed. Government Employees immediately moved to compel arbitration. The order denying that motion is the subject of this appeal.
The appellant takes the position that since it did not deny coverage but merely refused to meet the settlement demand of the insured, it has not waived its right to arbitration under the policy. It contends that this case is controlled by the holding in Netherlands Insurance Company v. Moore[1] wherein this Court held that the insurer was entitled to an order compelling arbitration. The opinion of this Court, authored by Judge Wigginton, pointed out that the original complaint alleged simply a common law cause of action based upon a contract of insurance and did not raise the issue of coverage. After noting that the extent of coverage is a judicial question which may be decided only by courts of competent jurisdiction, we held that arbitration under the uninsured motorist clause is restricted to the issues of (1) the insured's right to recover from the uninsured motorist, and (2) the amount of damages suffered.
Appellant concedes that under the policy it issued to Whitaker arbitration is limited to the same two issues. The proofs show that approximately one year before filing suit the plaintiffs had authorized all physicians, hospital, etc. to make available all information to insurer, and counsel for the plaintiffs had made his complete file available to insurer six months prior to the filing of this action. There is no evidence that the insurer ever attempted to evaluate the claim or ever made any good faith effort to negotiate a settlement. The tactics used by the insurer here are exemplified in its answer wherein it defends on the grounds that plaintiffs have failed to provide copies of medical bills and reports needed to evaluate the claim and further that "at all times it has stood ready to pay plaintiffs in accordance with the terms of its policy." Although the insurer's answer filed January *200 27, 1968, and the point as stated on this appeal attempt to seek arbitration on the amount of damages, the true disagreement between the parties and the actual point to be settled by this appeal is clearly reflected by the appellant's brief wherein it states and argues that in double coverage situations "one carrier is not going to make unilateral payment without the approval of the other carrier * * * If such approval cannot be obtained, then arbitration with an opportunity for all parties to participate is in order." Thus, the sole question raised is one of coverage. Where two carriers are liable, is the coverage of each limited to one-half of the damages? If there were three carriers, would the coverage of each be reduced to one-third of the damages?
Appellees contend that their carrier refused and failed to negotiate in good faith. The trial judge apparently agreed with this contention when he held that the insurance company acted inconsistently with its right to demand arbitration. Such a conclusion is supported by the fact that the insurer falsely claimed that it had not been furnished records and reports to adequately evaluate the claim. From these facts the trial judge could have concluded that Government Employees refused to evaluate the claim so as to exercise its right for arbitration for the hidden purpose of obtaining an apportionment of the damages between the two carriers  an issue not subject to arbitration.
We find that the appellant by its actions has waived its right to arbitration; the complaint has stated an action for declaratory relief on the issue of coverage so our decision in the Moore case is not controlling; and the insurer cannot in good faith refuse to negotiate settlement until after it determines the contribution from multiple coverages. The burden of securing contribution cannot be placed upon the insured, because to do so could in effect delay recovery for such an unreasonable length of time as to amount to no coverage at all.
The order denying the motion to compel arbitration is
Affirmed.
CARROLL, DONALD K., Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Netherlands Insurance Company v. Moore, 190 So.2d 191 (Fla.App. 1st, 1966).