RAWLS, Judge.
The appellant, an insurer, brings this appeal from a final judgment awarding to appellee $2,828.24 in damages for injuries sustained by appellee’s vessel’s hull when the boat ran aground.
The principal question presented for our determination is whether the evidence at the trial was sufficient to sustain the trial court’s finding that the policy of insurance covered the loss sustained.
Appellee, the owner of the vessel, procured the subject policy of insurance through his insurance broker at Pensacola, Florida. Coverage was placed by the broker through the firm of Associated Marine Underwriters who issued the policy on behalf of appellant, Emmco Insurance Company. At the time the policy of insurance was issued, the vessel was utilized in a shrimping operation which was conducted along the Gulf Coast waters between Apalachicola, Florida, and Brownsville, Texas. The policy of insurance contained a special navigational limitation of 100 miles for the coastal waters in the foregoing geographical area. Appellee decided to change the boat’s activities from shrimping to lobster-ing, and on January 14, 1969, advised his broker of this change. The broker testified that the established procedure on the part of the insurance company was that whenever a vessel changed locations or was going to extend beyond the naviga *795 tional limits set out in the policy, the broker was required to advise Marine Underwriters of the change and coverage would be extended with an adjusted premium if applicable. The broker testified:
“There was no question about whether this would be permissible. It was a regular procedure. The rate quoted on the boat is based on where it is used and that is the procedure and he [Vice President of Associated Marine Underwriters] so stated to me that all I had to do was to notify them .if the boat was moved and they would endorse the policy for the additional premium.”
Two letters detailing this change of operation were forwarded by the broker to Marine Underwriters. On February 4, 1969, Marine Underwriters, in response to the letters, advised the broker that they did not want to cover the vessel if it was going to be used for lobstering and asked the broker to find a replacement for the policy. Appellee’s insurance company did not cancel the policy prior to April 19, 1969. The insurance company’s refunding premium was based as of April 19, 1969, thus, the insurance company charged the insured with the cost of coverage during the period of time the damage was sustained by the injured vessel. After being advised of the loss sustained by the vessel, the insurance company made an offer to the insured for settlement of the damage claim based on a Marine surveyor’s opinion. On March 16, 1970, the insurance company advised appellee by letter of another offer to pay the full amount of damages considered applicable by the insurance company less the deductible provided by the policy. In neither letter was there any denial of liability, that the accident was not covered by the policy, that the policy was ineffective because the appellee exceeded the 100-mile limitation nor failed to notify the insurance company of the loss.
In Liberty Mutual Ins. Co. v. Flitman, 234 So.2d 390 (3 Fla.App.1970), the Third District Court of Appeal was confronted with a similar factual situation. There, the insurance company issued a policy of insurance to an owner of a yacht. The policy excluded coverage for losses due to unseaworthiness. While engaged in ocean racing, two masts of the vessel failed and the vessel suffered loss of sails, rigging and other equipment. The owner of the vessel made a claim for the losses which the insurance company denied on the grounds that the failure of the two masts resulted from inhrent vice, latent defect, or unseaworthy condition. At trial the insurance company attempted to assert, as a new defense, that the insured had given a release to the vessel’s manufacturer in violation of a provision of the policy. The appellate court held that the trial court was correct in striking the defense stating that the defendant cannot take one position in denying liability and then, after the adverse party has filed suit, set up an additional defense.
In the instant case, the insurance company did not timely cancel the policy; did not refund the premium even after being apprised of the change in the operation, but to the contrary requested that the coverage of the vessel be placed with another company. Further, the insurance company did not assert a denial of coverage after being apprised of the damage to the vessel but only argued with the owner as to the amount claimed for this loss.
It is our view that it would be highly inequitable, under the facts of this case, to allow the insurance company to raise the question of coverage after extensive negotiations had been conducted between the parties for settlement of the claim. The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.