330 So.2d 858 (1976)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellant,
v.
Newton F. WHITE, Appellee.
No. 75-1138.
District Court of Appeal of Florida, Second District.
April 28, 1976.
*859 A.H. Lane, of Langston, Lane, Massey, Trohn, Clarke & Bertrand, Bartow, for appellant.
David J. Williams, of Stanley, Durrance & Wines, Auburndale, for appellee.
SCHEB, Judge.
Appellant, State Farm, challenges the trial court's holding which allows the appellee White to aggregate or "stack" his uninsured motorist coverage in an underinsured motorist situation. We affirm.
White was injured in an automobile accident on May 9, 1974. Beasley, the alleged negligent motorist carried $10,000 per person automobile liability coverage. White, who maintained three separate policies with State Farm on three separate vehicles, each with $10,000 uninsured motorist coverage, sought a declaratory judgment that he could "stack" his coverage.
Fla. Stat. § 627.727, relating to uninsured motorist coverage was amended effective October 1, 1973, to provide in (2)(b) that an uninsured motorist now also includes one who maintains liability insurance, but whose insurer:
"Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage."
We note that this provision, now commonly referred to as "underinsured motorist coverage," does not restrict a policy holder to any one policy.
It is now an accepted principle of law to allow "stacking" of uninsured motorist coverage. Sellers v. Government Employees Insurance Co., Fla.App.1st 1968, 214 So.2d 879; Tucker v. Government Employees Insurance Co., Fla. 1974, 288 So.2d 238. Since the 1973 amendment to the statute includes an underinsured motorist within the definition of an uninsured motorist, the reasoning in the cited cases appears controlling. We therefore find no logical reason White should not be permitted to stack his coverage in respect to an underinsured motorist.
Accordingly, we hold the trial court was correct in entering its declaratory judgment that State Farm was obligated to White in respect to the difference between the Beasley's coverage of $10,000 and White's total uninsured coverage of $30,000. In this and all other respects the judgment of the trial court is affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.