364 So.2d 874 (1978)
ARISTONICO INFANTE, etc., et al., Appellants,
v.
PREFERRED RISK MUTUAL INSURANCE COMPANY, Appellee.
No. 77-2005.
District Court of Appeal of Florida, Third District.
December 5, 1978.
*875 Kuvin, Klingensmith & Lewis and R. Fred Lewis, Coconut Grove, for appellants.
McCormick, Bedford & Backmeyer, Miami, for appellee.
Before PEARSON and KEHOE, JJ., and PIERCE, WILLIAM C. (Ret.), Associate Judge.
PER CURIAM.
Aristonico Infante, etc., et al., appellants and insureds, appeal a final judgment enjoining them from proceeding in arbitration against their insurer under the uninsured motorist provisions of their policies.
On June 8, 1975 the appellants, Aristonico Infante and his three children, along with several other individuals, sustained personal injuries as a result of an automobile accident attributed to the negligence of Aracelia Rodriguez Alba who was insured by Lumbermen's Mutual Casualty Insurance Company. This policy had liability limits of $10,000/$20,000. The appellee, Preferred Risk Mutual Insurance Company, had issued to Infante multiple liability policies covering several automobiles. When it became obvious that the amount of damages sustained by all claimants would be in excess of the liability limits of the Lumbermen's policy, the Infantes filed a claim with Preferred Risk under the uninsured motorist provisions[1] of their policies which upon being "stacked" exceeded the liability limits provided by the Lumbermen's. Preferred Risk refused to honor the claim on the ground that the policies could not be stacked for underinsured coverage. The Infantes proceeded to negotiate with Lumbermen's and subsequently executed a settlement and releases in favor of Lumbermen's and its insured, Aracelia Rodriguez Alba. Thereafter, the Infantes made a demand upon Preferred Risk for arbitration under the uninsured motorist provisions of their policies. Upon learning of the above settlement agreement, Preferred Risk filed the instant suit seeking to enjoin arbitration. The trial court entered a judgment enjoining arbitration upon the following findings:
"1. That there has not been a denial of coverage under the Uninsured Motorist provisions of the policy.
2. That Defendant has not complied with the provisions of the policy and has entered into a settlement with and has executed releases in favor of a person who may be liable for the insured's injuries in violation of the terms of the policy, including the insurance carrier's right of subrogation.
3. That the Plaintiff did not join in and was not a part of the settlement negotiations with the third party which resulted in the releases."
The Infantes appeal therefrom. We reverse.
An automobile liability insurer, which has refused to honor a claim under uninsured motorist benefits prior to an insured's settlement with a tortfeasor, may not rely upon a settlement thereafter as a basis to deny coverage. In other words where an insurer has denied coverage which actually exists, the insurer has breached the contract and therefore cannot be allowed to rely upon a contractual provision prohibiting the insured from settlement of the claim with a responsible party in order to relieve itself from liability. See Stephens v. State Farm Mutual Automobile Insurance Co., 508 F.2d 1363 (5th Cir.1975).
There is no question in the case at bar that the Infantes were entitled to uninsured motorist coverage. See Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1974); Government Employees *876 Insurance Co. v. Farmer, 330 So.2d 236 (Fla. 1st DCA 1976); State Farm Mutual Automobile Ins. Co. v. White, 330 So.2d 858 (Fla. 2d DCA 1976).
Having in essence denied uninsured motorist coverage, it cannot rely upon the Infantes' settlement with Lumbermen's to avoid coverage. Cf. Government Employees Insurance Co. v. Whitaker, 218 So.2d 198 (Fla. 1st DCA 1969); Reserve Insurance Company v. Pollock, 270 So.2d 469 (Fla. 3d DCA 1972); and Liberty Mutual Insurance Company v. Flitman, 234 So.2d 390 (Fla. 3d DCA 1970).
Accordingly, the judgment enjoining arbitration is reversed.
Reversed.
NOTES
[1] which includes underinsured motorist protection