OTT, Chief Judge.
Appellant brought suit against the appel-lees for disability benefits allegedly due under a health and welfare plan furnished the appellant pursuant to her employment with appellee Albertson’s. The trial court entered summary judgment in favor of the appellees on the grounds that a settlement with third-party tortfeasors, reached during the pendency of the action, had destroyed the subrogation rights of the appellee insurer under the provisions of the health and welfare plan. We reverse for the reasons hereafter expressed.
On April 29, 1979, the appellant was injured in a nonoccupational connected automobile accident. Some time in January, 1980, the appellant filed suit against the appellees solely for disability benefits. Shortly after commencement of the action, the appellees propounded interrogatories and on April 2,1980, the appellant filed her answers to the interrogatories, supplying, among other things, the information that she was pursuing coverage against certain alleged third-party tortfeasors. The answers to the interrogatories supplied the names of the third-party tortfeasors, their insurance company, and the adjuster with whom she was dealing. The answers stated that no demands or offers had been made and no payments or settlement received from the tortfeasors or their insurer.
Thereafter, on May 2,1980, the appellant filed an amended complaint and on May 22, 1980, the appellees filed their answer and defenses. Insofar as pertinent here, the appellees admitted that they had denied the disability of the appellant and her eligibility for disability benefits. Issue was joined on appellant’s disability or entitlement to benefits under the plan.
Pretrial conference was set, pretrial statements of the parties were filed, and a pretrial order was entered on December 23, *1013 1980, setting the cause for trial on March 31, 1981, and further ordering all discovery to be completed by March 11, 1981. For reasons not included in the record or considered pertinent to this appeal, the trial was obviously postponed.
On June 16, 1981, the appellees filed a full copy of the health and welfare plan for its employees pursuant to the appellant’s motion for production thereof.
The matter again came on for pretrial conference on October 28, 1981, and the appellees at that time filed a motion requesting the court to allow an amendment to their affirmative defenses. As grounds for such amendment, appellees averred that the appellant had effected a settlement with original third-party tortfeasors and their insurer since the filing of the appel-lees’ original answer and affirmative defenses. The tendered amendment, allowed by the ■ court, asserted as an affirmative defense that such settlement had destroyed appellees’ subrogation rights against the tortfeasors or their insurer and, therefore, appellant had relinquished her right to benefits under the health and welfare plan.
The trial judge ordered the matter set for trial on February 16,1982, and listed among the issues to be tried whether or not the plaintiff’s settlement with the third-party tortfeasor released her claim for benefits against the appellees.
On November 24, 1981, appellees filed their motion for summary judgment based upon the destruction of their subrogation rights against the tortfeasors and the resulting release of the appellant’s right to recover benefits. The trial court entered final summary judgment thereon.
Having refused to honor appellant’s claim under the employee’s health and welfare plan, appellees may not rely upon her settlement thereafter effected as a basis to further deny coverage. We see no distinction in the position of the appellees here and that of the automobile liability insurer or the marine risk insurer dealt with by our sister court in the cases of Aristonico Infante v. Preferred Risk Mutual Insurance Co., 364 So.2d 874 (Fla. 3d DCA 1978), and Liberty Mutual Insurance Co. v. Flitman, 234 So.2d 390 (Fla. 3d DCA 1970).
Whether or not the appellant was placed on notice of the subrogation right — constructive or otherwise — is in no way material or decisive.
The summary judgment is set aside and the cause REMANDED for further proceedings consistent herewith.
HOBSON and CAMPBELL, JJ., concur.