478 So.2d 849 (1985)
David R. PAZ, M.D., Appellant,
v.
ALLSTATE INSURANCE COMPANY, aPPELLEE.
Nos. 85-515, 85-1451 and 85-1974.
District Court of Appeal of Florida, Third District.
November 5, 1985.
Magill & Lewis and R. Fred Lewis, Miami, for appellant.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellee.
*850 Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
We reverse the summary judgment in favor of Allstate Insurance Company (Allstate). Resolution of the insured's action against the tortfeasor was not a prerequisite to arbitration of the insured's claim for uninsured motorist benefits. Arrieta v. Volkswagen Insurance Co., 343 So.2d 918 (Fla.3d DCA 1977). Allstate's refusal to arbitrate the uninsured motorist claim was, in effect, a denial of coverage and a breach of contract. Having breached the contract, Allstate cannot attempt to avoid liability by relying on a provision prohibiting the insured from settling with the tortfeasor without its consent. Aristonico Infante v. Preferred Risk Mutual Insurance Co., 364 So.2d 874 (Fla.3d DCA 1978). Accordingly, the final summary judgment, and the accompanying judgment for costs, are
Reversed.