494 So.2d 259 (1986)
George D. WEGENER and Wanda W. Wegener, Appellants,
v.
INTERNATIONAL BANKERS INSURANCE COMPANY, Appellee.
No. 85-1920.
District Court of Appeal of Florida, Third District.
September 9, 1986.
Rehearing Denied October 13, 1986.
Paul Richard Bloomquist, Boynton Beach, for appellants.
Fenster and Faerber and Stacie L. Cohen, Plantation, for appellee.
Before SCHWARTZ, C.J. and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
After a jury verdict for the insureds in an action on a policy of mortgage guaranty insurance, the trial court granted the carrier's reserved motions for directed verdict and entered judgment in its favor. We reverse upon the holdings that (a) the jury could properly have found that the insurer's purported cancellation of the policy was unjustified under its terms, see St. Paul Fire & Marine Insurance Co. v. Mayor's Jewelers of Ft. Lauderdale, Inc., 465 F.2d 317 (5th Cir.1972); Cat 'N Fiddle, Inc. v. Century Insurance Co., 213 So.2d 701 (Fla. 1968); cf. Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980), and that (b) as a matter of law, the effect of the thusfound-to-be-improper repudiation of coverage was to waive any right to insist upon the insureds' necessarily-thus-futile compliance with the various conditions to recovery  including notice and the preservation of the carrier's subrogation rights  upon which the insurer now seeks to rely. Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 35 So. 228 (1903); Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 So. 171 (1903); Paz v. Allstate Insurance Co., 478 So.2d 849 (Fla. 3d DCA 1985); Aristonico Infante v. Preferred *260 Risk Mutual Insurance Co., 364 So.2d 874 (Fla. 3d DCA 1978); Cunningham v. Austin Ford, Inc., 189 So.2d 661 (Fla. 3d DCA 1966), cert. dismissed, 198 So.2d 829 (Fla. 1967); American Fidelity Fire Insurance Co. v. Johnson, 177 So.2d 679 (Fla. 1st DCA 1965), cert. denied, 183 So.2d 835 (Fla. 1966).
Because the trial court has not yet passed upon the carrier's motion for new trial, the cause is remanded for consideration of that motion, see Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88, 90 (Fla. 1985), in accordance with the principles stated in this opinion, and for further proceedings not inconsistent herewith.
Reversed and remanded with directions.