W. SHARP, Judge.
The Companions, husband and wife, appeal from a final summary judgment entered in favor of their uninsured motorist carrier, Liberty Mutual Insurance Co. The court found their suit was barred because they failed to advise Liberty about a lawsuit they had filed against Cummins, a known tortfea-sor involved in an accident in which they were allegedly injured, and because they settled with the tortfeasor and his insurance company without Liberty’s knowledge or consent. We affirm. See GEICO v. Sutton, 400 So.2d 476 (Fla. 5th DCA), rev. denied, 407 So.2d 1106 (Fla.1981); § 627.727(6), Fla. Stat. (1989).
There does not appear to be any material disputed issues of fact concerning Liberty’s actions or inaction in this matter, or whether Liberty was prejudiced by the settlement. In defending the lawsuit brought against it by the Companions, Liberty admitted the existence of uninsured liability coverage, but denied the injuries for which they claimed damages that had been caused by the accident involving Cummins. There is some evidence in the file that at least some of the injuries for which damages were being sought by the Companions were caused by prior accidents and mishaps. This defense was not specious nor made in bad faith, and was one Liberty was entitled to raise under the law and the facts as presented in this record. That distinguishes this ease from Wegener v. International Bankers Insurance Co., 494 So.2d 259 (Fla. 3d DCA), rev. denied, 504 So.2d 767 (Fla.1987) and Infante v. Preferred Risk Mutual Insurance Co., 364 So.2d 874 (Fla. 3d DCA 1978).
The Companions argue that there is a genuine issue of material fact as to whether Liberty was prejudiced by their failure to notify it of the settlement. They contend Cummins was and is judgment proof, based on an affidavit of their private investigator. The evidence showed that Cummins has a negligible amount of assets which could be levied upon. However, the Companions settled with Cummins for sums ($5,000.00 each) far less than Cummins’ liability policy limits, which was $25,000.00/$50,000.00. Based on these facts, Liberty did suffer potential prejudice, to the extent the Companions waived the remaining $40,000 in policy limits available under Cummins’ insurance policy.
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J., concur.