730 So.2d 393 (1999)
Joanne L. PERRY and Bruce L. Perry, Appellants,
v.
Edwin L. MUNGER and Capital Enterprise Insurance Company, a Foreign Corporation, Appellees.
No. 98-03154.
District Court of Appeal of Florida, Second District.
April 9, 1999.
*394 Sylvia H. Walbolt and Robert E. Biasotti of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, and Guy N. Perenich of Perenich, Carroll, Perenich, Avril, & Caulfield, P.A., Clearwater, for Appellants.
Daniel P. Mitchell of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Appellee Capital Enterprise Insurance Company.
No appearance for Appellee Edwin L. Munger.
PATTERSON, Acting Chief Judge.
Joanne and Bruce Perry appeal from a final summary judgment entered in favor of Capital Enterprise Insurance Company (Capital) on the Perrys' claim for underinsured motorist benefits. We reverse.
In December 1989, Joanne Perry was involved in an auto accident in which she was hit by a vehicle Edwin Munger was driving. She claimed to have sustained damages totaling $280,000. At the time of the accident, Munger was insured by Allstate Insurance Company (Allstate) with an automobile insurance policy which included $100,000 of liability coverage. Perry was insured by Capital with a policy which included $100,000 of uninsured/underinsured motorist coverage.
Between March 1991 and February 1992, Perry, through counsel, and Capital exchanged numerous letters regarding the payment of medical bills and other policy-related issues. Perry then requested written authorization from Capital to settle with Allstate. Capital responded that "the information we currently have in our file, indicates [Perry's] injury should be compensated within the limits of the primary carrier." On September 27, 1993, Perry sent a certified letter to Capital notifying Capital that Allstate had offered $68,750 to settle her claims and requested authorization to accept the offer. When Capital did not reply, Perry sent Capital information detailing her $280,000 of claimed damages. A representative of Capital responded by saying, "My evaluation of this claim is close to the offer made by Allstate. Inasmuch as it appears that the value of this case is well within Allstate's limits, I must refer you back to Allstate for settlement of the claim." Perry wrote again, asking if that response was an authorization to settle with Allstate. On November 16, 1993, without directly saying yes or no, Capital responded, "We are not willing to waive our subrogation rights." Perry then settled with Munger and Allstate for $68,750.
In December 1993, Perry sued Capital, seeking declaratory relief on her claim for underinsured benefits.[1] Capital answered *395 and asserted eight affirmative defenses, none of which played a part in the outcome of the case. Three years later, Capital filed an amended answer to include an additional affirmative defense. That defense alleged that Perry had prejudiced Capital's right to subrogation by settling with Allstate. Capital then moved for summary judgment. In response, Perry filed copies of her correspondence (through counsel) with Capital, a clerk's certificate reflecting an unsatisfied judgment against Munger, and an "asset investigation report" by an investigation company reflecting that Munger had no assets. None of these documents were in the form of an affidavit. The trial court granted Capital's motion for summary judgment. Perry filed a motion for rehearing supported by the affidavit of her attorney. In that affidavit, counsel attempted to authenticate the various documents he had previously filed. The trial court denied the motion.
Neither party in this case demonstrates artful litigation of a motion for summary judgment. Capital had filed a motion for leave to amend its answer, but never set it for hearing. Therefore, the amended answer, which was the court's basis for granting the motion, was not properly before the court. However, it appears that Perry's counsel made no objection. Although Capital's motion for summary judgment relies on terms of the Perry insurance policy and her settlement with Allstate, these allegations are not under oath. Capital did not authenticate or offer into evidence the insurance policy. Additionally, there is no evidence establishing a settlement or its terms.
However flawed this record may be, it is nonetheless Capital's burden to demonstrate conclusively that the nonmoving party cannot prevail. See Fatherly v. California Fed. Bank, FSB, 703 So.2d 1101 (Fla. 2d DCA 1997). Although an insured's failure to obtain an uninsured motorist insurer's consent prior to settlement with the tortfeasor in violation of a nonsettlement provision raises a presumption that the insurer has been prejudiced, that presumption is rebuttable. See Watherwax v. Allstate Ins. Co., 538 So.2d 108 (Fla. 2d DCA 1989). The probable insolvency of the tortfeasor can be sufficient to overcome the presumption. See Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981); Southeastern Fidelity Ins. Co. v. Earnest, 395 So.2d 230 (Fla. 3d DCA 1981). This record contains ample indications that Munger may be insolvent or that he is deceased and his estate is insolvent; this creates a factual issue which Capital has not overcome. Additionally, Capital's equivocal responses to Perry's request for authorization to settle raise a factual issue as to whether authorization was withheld. This issue alone was enough to preclude summary judgment. Therefore, we reverse the summary judgment in favor of Capital and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and GREEN, JJ., Concur.
NOTES
[1] The claim arose from the terms of the insurance policy in effect at the time of the accident in 1989. Thus, the 1989 version of section 627.727, Florida Statutes, which governs underinsured motor vehicle insurance coverage, applies to this case.