734 So.2d 1102 (1999)
Donald GRAY and Elizabeth Gray, his wife, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 98-02106.
District Court of Appeal of Florida, Second District.
May 5, 1999.
Rehearing Denied June 17, 1999.
Carl H. Winslow, Jr., of Carl H. Winslow, Jr., P.A., Fort Myers, for Appellants.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for Appellee.
BLUE, Judge.
Donald and Elizabeth Gray appeal the final summary judgment in favor of State Farm Mutual Automobile Insurance Company on their claim for underinsured motorist *1103 (UM) benefits. We reject without discussion the Grays' contention that summary judgment was improper because State Farm had breached the insurance policy. However, we agree with the Grays that the trial court erroneously entered summary judgment because of disputed issues of material fact. Accordingly, we reverse and remand for further proceedings.
Following an automobile accident, the Grays filed suit against Randall White, the alleged tortfeasor, and Deborah White, the owner of the vehicle driven by Randall. The Grays subsequently filed an amended complaint including a claim against their UM insurer, State Farm. A mediation was held on October 27, 1997, at which representatives of all parties, as well as the Whites' insurance company, Allstate Insurance Company, were present. A settlement for less than the policy limits was reached between the Grays and the Whites.[1] Approximately nine days later, settlement documents were executed between the Grays and the Whites and Allstate.
State Farm then moved for summary judgment, arguing that the Grays' UM claim was barred by their failure to provide written notice to State Farm of their proposed settlement with the tortfeasor and their failure to obtain State Farm's prior written consent to the settlement as required by the insurance policy and section 627.727(6)(a), Florida Statutes (1993). The motion was eventually granted and final judgment entered against the Grays.
There is no dispute that the Grays failed to provide thirty days written notice and to obtain State Farm's written consent prior to the settlement. Under Florida law, violation of the settlement provision voids the insurance coverage unless the insured shows that the insurer waived the settlement procedure, see Moskowitz v. State Farm Mut. Auto. Ins. Co., 646 So.2d 262 (Fla. 2d DCA 1994), or conclusively overcomes the presumption of prejudice to the insurer, see General Accident Ins. Co. of Am. v. Taplis, 493 So.2d 32 (Fla. 5th DCA 1986). The Grays contend that State Farm waived the settlement provisions by its conduct at the mediation conference. The affidavits filed by the parties reflect a disputed issue of material fact precluding summary judgment because State Farm was present at the mediation and indeed had actual notice of the settlement. The Grays contend that because State Farm was at the mediation and knew about the settlement, it waived the settlement provisions by failing to object. This disputed issue, if resolved in the Grays' favor, would excuse their failure to comply with the statute.
Additionally, even if the settlement provision was violated by the Grays, there is an issue of fact as to whether State Farm was prejudiced. The written notification requirement of section 627.727(6) creates only a rebuttable presumption of prejudice to the insurance company. See Moskowitz; Perry v. Munger, 730 So.2d 393 (Fla. 2d DCA 1999). If the insurer shows that the insured did not comply with the statute, then the insured may show that the failure to obtain the consent to settle did not prejudice the insurer. However, again, the affidavits filed by the parties place the fact of actual prejudice in dispute.
Accordingly, the final summary judgment is reversed and the case remanded for further proceedings.
THREADGILL, A.C.J., and GREEN, J., Concur.
NOTES
[1] A settlement for less than policy limits does not vitiate the Grays' underinsured motorist claim. Any recovery from the insurer would be reduced by the policy limits rather than by the amount actually received from the tortfeasor.