929 So.2d 624 (2006)
MERCURY INSURANCE COMPANY OF FLORIDA, Appellant/Cross-appellee,
v.
Kiril ANATKOV, Appellee/Cross-appellant.
No. 3D05-397.
District Court of Appeal of Florida, Third District.
May 10, 2006.
*625 Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster and Scot E. Samis, St. Petersburg, for appellant/cross-appellee.
David M. Shenkman; Sale & Kuehne and Benedict P. Kuehne, Miami, for appellee/cross-appellant.
*626 Before LEVY, GERSTEN and WELLS, JJ.
WELLS, Judge.
Mercury Insurance Company of Florida appeals a determination of coverage and an award of costs and fees in favor of insured Kiril Anatkov. Anatkov cross appeals the trial court's decision not to apply a multiplier in calculating the fees awarded to him. We affirm both the appeal and cross appeal.
On February 28, 2003, Anatkov was involved in an automobile accident with Gustavo Salazar. Salazar had liability coverage with State Farm with limits of $25,000. Anatkov had coverage with Mercury Insurance with limits of $50,000/100,000. Because his damages exceeded $25,000, Anatkov made a claim for uninsured/underinsured motorist (UM/UIM) benefits from Mercury. Mercury denied coverage claiming that Anatkov had waived these benefits.
Anatkov denied having waived UM/UIM benefits, but facing mounting medical bills, settled his claim against Salazar upon State Farm's payment of $25,000. Anatkov did not notify Mercury prior to settlement.
Two days after settling with Salazar and his insurer, Anatkov brought suit against Mercury alleging breach of contract and violation of Floridas UM/UIM statute. Mercury, which by then had discovered that Anatkov's signature on the UM/UIM waiver form had been forged, admitted that Anatkov "was covered under an insurance contract with" Mercury, but still denied that the policy provided UM coverage. Mercury claimed instead that "contingent upon [Anatkovs] payment of an additional premium, [it] ha[d] offered and continues to offer [Anatkov] [retroactive] underinsured motorist coverage equal to the bodily injury liability limits provided. . . under [Anatkov's] policy."[1] Mercury also claimed that Anatkov was "barred from asserting an underinsured motorists claim" because he had extinguished Mercury's subrogation rights by failing to provide notice to Mercury and to obtain its consent prior to settlement.
Summary judgment was entered in Anatkov's favor, and his attorney was awarded $30,899.83 in fees and costs. Mercury appeals claiming (1) that its offer, made prior to Anatkov's settlement with State Farm and Salazar, to provide UM/UIM coverage upon payment of a $135 premium, precludes judgment in Anatkov's favor, see § 627.727(6)(a), Fla. Stat. (2003) (requiring an injured claimant to notify the claimant's insurer of a proposed settlement where settlement will not fully satisfy the claim); see also Gray v. State Farm Mut. Auto. Ins. Co., 734 So.2d 1102, 1103 (Fla. 2d DCA 1999) (concluding that the failure to notify the insurer of a proposed settlement voids UM/UIM coverage unless the insured demonstrates waiver of the notification procedure or lack of prejudice on the insurer's part); and (2) that the court erred in awarding Anatkov attorneys' fees. Anatkov cross-appeals the trial court's refusal to apply a risk multiplier when calculating the fee award. We disagree with both of Mercury's arguments and affirm. We also find no merit in Anatkov's argument on cross-appeal.
Section 627.727(1) of the Florida Statutes requires every motor vehicle liability *627 insurance policy providing for bodily injury coverage to include uninsured motor vehicle coverage unless the insured has rejected that coverage in writing. § 627.727(1), Fla. Stat. (2003). Because Anatkov did not reject UM/UIM coverage in writing, he was entitled to this coverage by operation of law. See Quirk v. Anthony, 563 So.2d 710, 714 (Fla. 2d DCA 1990), approved, 583 So.2d 1026 ("If the underwriting file contains a signed rejection, a policy can be issued without UM. If the insured fails to sign and submit a rejection form, the carrier simply can refuse to issue a policy without UM.").
Where, as here, an insurer denies coverage which actually exists, "the insurer has breached the contract and therefore cannot be allowed to rely upon a contractual provision prohibiting the insured from settlement of the claim with a responsible party in order to relieve itself from liability." Aristonico Infante v. Preferred Risk Mut. Ins. Co., 364 So.2d 874, 875 (Fla. 3d DCA 1978); see also Wegener v. International Bankers Ins. Co., 494 So.2d 259, 259 (Fla. 3d DCA 1986)(confirming that the effect of a repudiation of coverage found to be improper "was to waive any right to insist upon the insureds' necessarily-thus-futile compliance with the various conditions to recoveryincluding notice and the preservation of the carrier's subrogation rights"). By virtue of Mercury's breach, Anatkov was relieved of the obligation to notify Mercury of the settlement with State Farm and Salazar.
Mercury also did not cure its breach, as it claims, by its subsequent "offer" of UM coverage. That offer was conditioned on payment of a premium. The offer was not accepted because no premium payment was made. Anatkov did not need to accept this offer since he already had UM/UIM coverage by virtue of Mercury's failure to secure a valid written waiver before issuing his existing policy. See § 627.727(1), Fla. Stat. (2003). It is the breach of this coverage provision that relieved Anatkov of any obligation to notify Mercury of the settlement and entitles him to the instant judgment.
We likewise find no error in the trial court's fee award. Mercury's repudiation of UM/UIM coverage engendered the instant statutory and breach of contract claims and warranted a statutory fee and cost award. As observed in Bassette v. Standard Fire Ins. Co., 803 So.2d 744, 746 (Fla. 2d DCA 2001):
If a dispute is within the scope of section 627.428 and an insured must enforce rights under a contract and a judgment is rendered against the insurer, the insurer is required to pay attorney's fees to the insured or beneficiary. Bell v. U.S.B. Acquisition Co., 734 So.2d 403 (Fla.1999). This applies when an insured prevails in a declaratory judgment action regarding coverage. Aetna Cas. & Sur. Co. v. Mills, 192 So.2d 59 (Fla. 3d DCA 1966). As we observed in Sanchez v. American Ambassador Casualty Co., 559 So.2d 344 (Fla. 2d DCA 1990), the purpose of section 627.428 is to penalize an insurance company for wrongfully causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the company's power to resolve it.
A fee award was appropriate.
We also find no abuse of discretion in the trial court's refusal to apply a risk multiplier in determining the amount of the fee award. See United Auto. Ins. Co. v. Ricardo, 916 So.2d 44, 44 (Fla. 3d DCA 2005). We therefore affirm the judgment in all respects.
Affirmed.
NOTES
[1] In a letter dated July 25, 2003, addressed to Anatkovs counsel, Mercury stated that it would provide UM/UIM coverage upon payment of an additional $135.00 premium. The letter was not signed, was not printed on Mercury letterhead, had no return address, was not sent by return receipt mail, and was sent to Anatkovs counsel at non-existent address. Anatkovs counsel maintained that he never received the letter. Mercury does not dispute this.