[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

No. 04-14258
Non-Argument Calendar

_____

D.C. Docket  No. 02-00924 CV-ORL-28-KRS

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
a Pennsylvania insurance company,

Plaintiff-Appellee,
Cross-Appellant,

versus

MARGARET KOHNE,

Defendant-Appellant,
Cross-Appellee,

SEGUN AMUCHIENWA,

Defendant-Cross-
Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(May 22, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Segun Amuchienwa struck and severely injured Plaintiff Margaret Kohne while driving a rented car. A $1,000,000 supplemental liability insurance policy, underwritten by Defendant Philadelphia Indemnity Insurance Company ("PIIC"), was purchased along with the vehicle's rental. The district court concluded that PIIC was not liable under the policy because Amuchienwa breached the policy's coverage conditions. And despite a jury determination that PIIC was liable for fraud and negligent misrepresentation, the court awarded Plaintiff $0 in damages because of Amuchienwa's breach. We now affirm the district court in part, reverse in part, and remand for further proceedings.

I. Background

Twenty-three year old Segun Amuchienwa and his friend, Oshioma Okomilo, rented cars from Budget-Rent-A-Car while visiting Orlando. The renter of Amuchienwa's car -- presumably Amuchienwa -- also purchased an optional $1,000,000 supplemental liability insurance policy underwritten by PIIC. The

2

policy purported to cover only authorized drivers.[1]  The rental agreement for Amuchienwa's car did not list Amuchienwa as an authorized driver; instead, the agreement bears the name and signature of Angela Panks, Okomilo's mother.  But the agreement does list Amuchienwa's date of birth, address, and driver's license number.  Some evidence indicates that Panks could not have signed the agreement because she was not in Orlando at the time of the transaction.

On 31 December 1999, Amuchienwa was driving the rented vehicle when he struck and severely injured Plaintiff while she was loading the trunk of her van.  About one month later, PIIC received a notice of loss describing the accident and Plaintiff's injuries and requesting coverage.  PIIC determined that Amuchienwa was not an authorized driver and denied coverage under the supplemental policy.[2]  Later, Plaintiff's counsel continued to assert that Amuchienwa was covered under the policy because his personal information appeared on the rental contract; but PIIC again denied coverage for "any claims" resulting from the accident.[3]

---

[1]The policy defines an "authorized driver" as either: "a. A driver whose name is listed on the original 'rental agreement'; b. A driver designated by description, if any, in the 'rental agreement'; or c. A driver designated by description, if any, in item 6 of the Declarations."

[2]In a letter dated 8 May 2000, PIIC wrote to Amuchienwa: "The rental vehicle was operated by you, an unauthorized driver, who violated the rental agreement.  As an unauthorized driver, you are not covered under the [supplemental] policy.  As such, . . . coverage will not be afforded. . . . [Y]ou may wish to contact personal counsel, at your own expense, to insure your interests are protected."

[3]In a letter to Plaintiff's counsel dated 3 May 2001, PIIC wrote: "Based on our [previous] denial of coverage, we must continue to deny *any claims* presented on behalf of your client, Ms. Kohne."

After these coverage denials, Plaintiff sued Amuchienwa in Florida state court. Plaintiff and Amuchienwa entered into a settlement agreement through which Amuchienwa agreed to $4,000,000 in liability and assigned his rights under the supplemental policy to Plaintiff. Plaintiff agreed not to execute the judgment against Amuchienwa if he assisted her in pursuing an action against PIIC. The state court entered a consent judgment reflecting these terms.

Amuchienwa never informed PIIC of Plaintiff's suit nor of the settlement agreement. The supplemental policy contains a cooperation condition which requires the insured to (1) "immediately" notify PIIC "[w]henever it appears that an 'accident' is likely to involve [the] policy," (2) cooperate "in the investigation, settlement or defense of the claim or suit," and (3) assume no obligation without PIIC's consent.

Plaintiff presented the consent judgment to PIIC and demanded payment. PIIC denied her claim and sought a declaratory judgment in federal district court that Amuchienwa was not covered under the policy and that PIIC was not bound by the settlement agreement. Plaintiff filed a three-count counterclaim in which she alleged breach of contract, fraud, and negligent misrepresentation.

---

(Emphasis added.)

The district court granted summary judgment for PIIC on its complaint and on Plaintiff's breach of contract claim. Without reaching the question of whether Amuchienwa was an "authorized driver" under the policy, the court concluded PIIC's performance was excused by Amuchienwa's breach of the policy's cooperation condition. The district court further declared that PIIC was not bound by the settlement agreement.

Plaintiff's other claims were tried before a jury. The jury found that PIIC -- through its agent, Budget -- fraudulently induced Amuchienwa to purchase the supplemental insurance by misrepresenting that he would be covered under the policy. But because the district court found that Amuchienwa breached his duty to cooperate, the court concluded he would have received no benefit from his bargain. The court therefore awarded Plaintiff -- standing in Amuchienwa's shoes -- $0 in damages. The court further denied Plaintiff's claim for punitive damages.

## II. STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment. Gibson v. Resolution Trust Corp., 51 F.3d 1016, 1020 (11th Cir. 1995). We review de novo the district court's ruling that Plaintiff was entitled to no damages. National

5

R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc., 286 F.3d 1233, 1244 (11th Cir. 2002). We also review de novo the district court's order granting judgment as a matter of law to PIIC on Plaintiff's claim for punitive damages. Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 932 (11th Cir. 2000).

## III. DISCUSSION

Despite a jury determination that PIIC was liable to Plaintiff for committing fraud and negligent misrepresentation, the district court awarded $0 in damages on account of Amuchienwa's purported breach of the cooperation condition. We conclude that Amuchienwa, as a matter of Florida law, did not violate the cooperation condition. Because Amuchienwa did not breach the cooperation condition, Plaintiff is accordingly entitled to damages as a result of the jury's verdict.[4] We also conclude the district court correctly dismissed Plaintiff's claim for punitive damages.

---

[4]PIIC asserts on appeal that Plaintiff lacked standing to sue because the settlement agreement through which she gained Amuchienwa's position could not be authenticated. We disagree. As the district court noted in admitting the agreement, both parties relied on its authenticity in their pleadings and at trial. In the "admitted facts" of the parties' Joint Pretrial Statement, both parties stipulated that "[Plaintiff] is the assignee of any rights that Amuchienwa may have had against [PIIC]."

A. Cooperation Condition

Critical to the district court's disposition was its conclusion that Amuchienwa breached the policy's cooperation condition by not alerting PIIC of Plaintiff's suit or the settlement agreement. Amuchienwa, according to the district court, breached the condition by not giving PIIC an opportunity to defend Plaintiff's suit. The district court concluded that "[b]ecause [PIIC] only denied coverage, but did not refuse to defend, Amuchienwa's breach of the duty of cooperation remains unexcused."

Under Florida law, for Amuchienwa's failure to cooperate to excuse PIIC from its obligations under the policy, PIIC must prove that: (1) Amuchienwa failed to cooperate; (2) the lack of cooperation was material; (3) PIIC suffered substantial prejudice as a result of Amuchienwa's failure to cooperate; and (4) PIIC exercised diligence and good faith in trying to bring about Amuchienwa's cooperation. Ramos v. Northwestern Mut. Ins. Co., 336 So. 2d 71, 75 (Fla. 1976). Despite PIIC's repeated denial of coverage, the district court concluded that PIIC satisfied the Ramos requirements as a matter of law. We disagree. Even accepting as true that Amuchienwa materially failed to cooperate, PIIC has not shown substantial prejudice or diligence sufficient for PIIC to prevail as a matter of law.

7

When an insurer unequivocally denies coverage, Florida law provides that the insurer cannot later also fall back on breach of the cooperation condition to deny coverage. See Paz v. Allstate Ins. Co., 478 So. 2d 849, 849 (Fla. Dist. Ct. App. 1985) ("Having breached the contract [by denying coverage, the insurer] cannot attempt to avoid liability by relying on a provision prohibiting the insured from settling with the tortfeasor without its consent."); Infante v. Preferred Risk Mut. Ins. Co., 364 So. 2d 874, 875 (Fla. Dist. Ct. App. 1978) ("[W]here an insurer has denied coverage which actually exists, the insurer has breached the contract and therefore cannot be allowed to rely upon a contractual provision prohibiting the insured from settlement of the claim with a responsible party in order to relieve itself from liability.").

PIIC twice flatly denied coverage under the policy -- once in response to Amuchienwa's initial claim and the second time in response to Plaintiff's inquiry before she filed suit against Amuchienwa. In each denial, PIIC clearly renounced coverage for injuries stemming from the accident. PIIC's first denial went so far as to suggest that Amuchienwa "contact personal counsel, at [his] own expense" to protect his interests.

In granting summary judgment for PIIC, the district court relied on First American Title Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 695 So.

2d 475, 477 (Fla. Dist. Ct. App. 1997), in which the Florida appeals court concluded that an insured's failure to notify its insurer of suit constituted a breach of the policy's cooperation conditions and excused the insurer's performance. The First American court did not discuss the Ramos requirements in reaching its conclusion. But unlike the present case it was clear that the insurer in First American exercised diligence in trying to bring about its insured's cooperation. Seemingly critical to the First American court's decision was that in its initial letter denying coverage the insurer specifically instructed the insured to notify it of any lawsuit filed in the matter so that the insurer could determine if it owed a duty to defend the suit. Id. at 476. PIIC made no similar statement in the present case.

We do not interpret Florida law to say that an insurer must include some magic words when denying coverage to preserve its rights under a cooperation condition. But unequivocal denials of coverage such as those PIIC made here forfeit an insurer's right to invoke cooperation conditions against its insured. Had PIIC made some effort to ensure that Amuchienwa knew he was still bound by the policy's conditions, then a question of fact might remain about whether PIIC's efforts were sufficiently diligent. But because PIIC made no effort whatsoever, we conclude that Amuchienwa did not breach the cooperation condition.

9

Given the posture of this case, we do not need to decide whether Amuchienwa was covered under the PIIC policy as an authorized driver. A jury has determined that Plaintiff stands in the shoes of a rightful policyholder by virtue of the fraud and misrepresentation attributed to PIIC. The district court, however, awarded Plaintiff $0 in damages because it concluded Amuchienwa breached the cooperation condition. Because we conclude that Amuchienwa did not breach the cooperation condition, the remaining issue for us to determine is the measure of damages to which Plaintiff is entitled.[5]

B.  Jury Verdict and Damages

Plaintiff -- standing in Amuchienwa's shoes -- prevailed in her suit against PIIC for fraudulently inducing Amuchienwa to purchase the policy, and the jury determined that Plaintiff was entitled to damages as a result of Amuchienwa's

---

[5]We agree with the district court that PIIC was not entitled to a directed verdict on Plaintiff's fraud claim. We may reverse the denial of a directed verdict only if the evidence, when viewed in the light most favorable to Plaintiff, is such that reasonable jurors could not have arrived at a contrary verdict. Stuckey v. Northern Propane Gas Co., 874 F.2d 1563, 1567 (11th Cir. 1989). Even without Amuchienwa's testimony, Plaintiff presented sufficient evidence to support the jury's verdict; specifically, testimony from Okomilo and the Budget rental agent. Perhaps the most important fact supporting the jury's verdict is that Amuchienwa purchased the optional supplemental insurance policy. From this a jury could reasonably conclude Amuchienwa justifiably relied on representations he would be covered under the policy.

reliance on the misrepresentations. On the proper measure of damages, Florida follows the "flexibility theory," under which a defrauded party is entitled to the measure of damages that will fully compensate her. Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So. 2d 1283, 1286 (Fla. Dist. Ct. App. 1993) ("The 'flexibility theory' permits the court to use either the 'out-of-pocket' or the 'benefit-of-the-bargain' rule, depending opon which is more likely fully to compensate the injured party."). The district court correctly concluded that Plaintiff was entitled to the benefit of her bargain. Damages under the "benefit-of-the-bargain" rule are calculated by taking the difference between the actual value of the policy and its value had the contested facts -- here, that Amuchienwa was an authorized driver and covered under the policy -- been true. Martin v. Brown, 566 So. 2d 890, 891 (Fla. Dist. Ct. App. 1990).

Amuchienwa bargained for $1,000,000 in supplemental insurance coverage.[6] The purpose of compensatory damages in tort cases such as this one is to restore the injured party to the position she would have occupied had the wrong not been committed. Glades Oil Co., Inc. v. R.A.I. Mgmt., Inc., 510 So. 2d 1193,

---

[6]In an alternative argument, Plaintiff contends that an "out-of-pocket" damages calculation entitles her to the amount of her settlement agreement with Amuchienwa, or $4,000,000. We agree with the district court that the true value of out-of-pocket damages would likely compensate the defrauded party for only the amount paid in premiums for the policy, in this case $9.95. Regardless, we do not think PIIC can be liable for an amount in excess of the policy's upper limits.

11

1195 (Fla. Dist. Ct. App. 1987). The district court concluded that Amuchienwa's position as an authorized driver would have yielded him $0 under the policy because he breached the cooperation condition. Because we conclude Amuchienwa did not breach the cooperation condition, it follows that PIIC was not relieved of its duties to Amuchienwa. Plaintiff is accordingly entitled to the full value of the policy.

We remand to the district court for the limited purpose of entering judgment for Plaintiff with a measure of compensatory damages calculated in an amount based on the policy limits.[7]

C. Punitive Damages

The district court granted PIIC's motion for directed verdict on Plaintiff's request for punitive damages. We review de novo the district court's order. Snapp, 208 F.3d at 932.

---

[7] We further conclude the district court did not abuse its discretion in dismissing without prejudice PIIC's claims against Amuchienwa for failure to prosecute within the time limits specified by local rule. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (finding no abuse of discretion when court dismissed claim without prejudice for party's failure to timely file brief).

The Florida Supreme Court has written that "the justification for a punitive award is to punish the offender and to deter others from committing similar wrongs." Fisher v. City of Miami, 172 So.2d 455, 457 (Fla. 1965). In limited situations, Florida law provides that a principal may be assessed punitive damages for the acts of its agent. But such exemplary damages may only be assessed against the principal when the principal bears some fault. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 549 (Fla. 1981) (concluding that plaintiff must "prove some fault on the part of the [principal] which foreseeably contributed to the plaintiff's injury to make him vicariously liable for punitive damages"). See also Life Ins. Co. of North America v. Del Aguila, 417 So. 2d 651, 652-53 (Fla. 1982) (reiterating conclusion in Mercury Motors and finding insufficient proof of principal's fault).

The present case presents such a principal/agent arrangement: That the Budget rental-counter employee was acting as PIIC's agent when she sold Amuchienwa the supplemental policy is uncontroverted. PIIC accordingly cannot be assessed punitive damages unless PIIC exhibited fault. We conclude that Plaintiff has not presented sufficient evidence to show that PIIC bore fault for the Budget employee's acts. The district court therefore correctly dismissed Plaintiff's claim for punitive damages.

13

## IV. Conclusion

For the foregoing reasons we REVERSE the district court's grant of summary judgment to PIIC. We conclude that Amuchienwa did not breach the policy's cooperation condition. We REMAND to the district court for the limited purpose of determining the proper measure of damages to be afforded Plaintiff under the policy. And we AFFIRM the district court's grant of directed verdict to PIIC on Plaintiff's request for punitive damages.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.